## STATE v. GUNN.

No. 6402. Decided December 18, 1942. (132 P. 2d 109.)

See 22 C. J. S., Criminal Law, sec. 337; 14 Am. Jur., 852.

*F. Henri Henroid,* of Salt Lake City, and *T. C. Hanson,* of Portland, Ore., for appellant.

*Grover A. Giles,* Atty. Gen., and *Zar E. Hayes,* Asst. Atty. Gen., for respondent.

McDONOUGH, Justice.

This is an appeal by defendant from a judgment entered upon his conviction of the crime of robbery. He predicates the alleged prejudicial error of the trial court upon: (1) Its

refusal to quash the information on the ground that he was not accorded his right to a preliminary hearing before a committing magistrate; (2) the refusal of the district court to exclude certain evidence at the trial; and (3) the failure of the trial court to instruct on the matter of intoxication of the defendant.

Appellant does not contend that no hearing was had before a magistrate, but he insists that the hearing conducted was so faulty—so thoroughly in disregard of his rights—as to lack the essentials of the hearing prescribed by law. This contention is grounded upon the fact that on the day set for preliminary hearing, March 26, 1941, appellant's counsel, pursuant to Section 105-11-1, R. S. U. 1933, as amended by Chap. 143, Sec. 1, Laws of Utah 1937, made demand for a bill of particulars. The committing magistrate ordered the county attorney to furnish such bill, but nevertheless ordered the hearing to proceed before the bill of particulars was furnished, despite counsel's objection that he was unable to properly cross-examine witnesses without the aid of such bill of particulars. He objected without avail, when a witness was sworn, to the taking of any evidence prior to receipt thereof.

The testimony of Mrs. Esther Schiess, a witness for the State, who was the person alleged to have been robbed, was taken at such hearing. Appellant, through his counsel, cross-examined her. At the conclusion of her testimony, the court stated that the witness, being a resident of another state, was anxious to return home, and that her testimony was taken at that time to avoid delaying her departure. The hearing was continued until April 3, 1941, and the witness Mrs. Schiess, was excused over objection of appellant. However, he made no suggestion that in view of her intended departure, he desired at that time to cross-examine her further.

The demanded bill of particulars was furnished before the resumption of the preliminary hearing on April 3, 1941, at which time the witness Mrs. Schiess was no longer

in the State. The additional fact is noted that appellant was first brought before the magistrate on March 19, seven days prior to the date on which preliminary hearing commenced, and on such occasion was represented by counsel.

Under such a state of facts we are of the opinion that the district court did not err in denying appellant's motion to quash the information, or in denying the other motions urged by appellant based on the contention that he was not accorded a valid preliminary hearing. In the first place, no demand for the bill was made until the preliminary hearing was about to commence, and after a denial by the magistrate of a motion for a continuance on behalf of defendant. The demand was not made until a full week after he was advised of the allegations of the complaint. Whether the magistrate would have been justified in overruling such demand, need not be determined on this appeal. What we do hold is that under the recited state of facts, his refusal to postpone the examination of Mrs. Schiess did not vitiate the proceedings.

It is true that under Sec. 105-11-1, R. S. U. 1933, as amended, one charged before a magistrate with a crime triable on information or indictment, is entitled upon demand as a matter of right to a bill of particulars where the complaint charges such crime by the "short form". However, in this case appellant does not point out in what particulars he was hampered in the cross-examination of the witness above named by the absence of such bill at the time her testimony was taken. Indeed, an examination of the bill of particulars which was subsequently furnished reveals no particular on which such witness was not examined and subjected to cross-examination. We therefore conclude that the delay in furnishing the bill did not have the effect of denying defendant his right to a preliminary hearing.

The alleged erroneous ruling of the court on the admissibility of certain evidence, was made on an objection of

defendant to the reading at the trial of the transcript of testimony of the witness Mrs. Schiess adduced at the preliminary hearing. Appellant asserts that such evidence was inadmissible, (1) because the evidence was improperly received by the committing magistrate before the receipt by him of the demanded bill of particulars, and (2) because the witness was excused from further attendance at the preliminary hearing at the close of her testimony, over defendant's objection.

This contention is without merit. As hereinabove stated, the taking of the testimony of the witness prior to receipt by defendant of the bill of particulars did not vitiate the proceedings. Nor did it result in preventing the testimony from being a part of the preliminary hearing. The defendant not only had the opportunity to cross-examine the witness, but he did cross-examine her extensively. Her testimony might have been taken on application of the county attorney before the preliminary hearing and used at such hearing, on proper showing and notice, and such testimony so obtained could have been used not only at the preliminary hearing but also at the trial. Section 105-15-31, R. S. U. 1933. The evidence so adduced would not be inadmissible at either the preliminary hearing or at the trial, merely because no opportunity to demand and receive a bill of particulars had been theretofore accorded defendant. Hence, no prejudice could result by taking such testimony at the beginning of the preliminary hearing before receipt of a bill, especially where the bill was furnished before any other part of the hearing was conducted. Nor, as hereinabove stated, is it shown how defendant was in any way prejudiced by the action of the magistrate in excusing the witness from further attendance after she had been cross-examined. That something subsequently transpired at the hearing which would require or suggest the further examination of such witness, is not shown. We cannot presume that it did.

The third contention of complainant, that the court erred in refusing his request to instruct the jury on the effect in law of intoxication of the accused at the time of the alleged perpetration of the crime, must also be rejected. Section 103-1-21, R. S. U. 1933, provides:

"No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition. But whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time in determining the purpose, motive or intent with which he committed the act."

Under such provisions, had the evidence been such as to show a state of facts which would warrant a jury in considering them in determining whether the accused entertained an intent to commit robbery, it would have been error for the trial court to refuse upon request to instruct thereon. However, the testimony adduced as to intoxication of the accused in the instant case was such that no reasonable mind could conclude that, granting the acts alleged by the State were committed by the accused, his state of intoxication was such as to create a reasonable doubt as to his capacity to entertain the intent to commit the alleged crime. Such evidence, both as to time and degree of intoxication, was not such as to justify a jury in seriously considering it in determining the motive or intent of the accused. Hence it was not error to refuse to instruct the jury on such subject.

There being no reversible error in the record, the judgment of the trial court is affirmed.

MOFFAT, C. J., and WOLFE, and LARSON, JJ., concur.

PRATT, J., on leave of absence.