## No. 25916

### The People of the State of Colorado v.
### Klaus Dieter Lundy
(533 P.2d 920)

Decided April 7, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, James S. Russell, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Dorian E. Welch, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant, Klaus Dieter Lundy, was charged and convicted of aggravated robbery (1971 Perm. Supp., C.R.S. 1963, 40-4-302)[1] and with carrying a concealed weapon (1971 Perm. Supp., C.R.S. 1963, 40-12-105).[2] The issue of guilt was determined by a jury. On appeal, the defendant seeks reversal and a new trial on the theory that the jury was not properly instructed. He also asserts as an additional ground that the trial judge improperly restricted closing argument when defense counsel was prevented from utilizing a hypothesis of innocence that was unsupported by evidence. We affirm.

## I.
### The Facts

The victim, George Muirhead, was standing in the driveway of his home when the defendant, wearing gloves and a white hood, came out from behind some bushes, announced that it was a stick-up, and threatened to blow the victim's head off if he failed to comply with the defendant's demand for money. The victim turned over his wallet containing approximately $500, and the defendant left, but only after threatening to return and kill the victim and his children if the robbery was reported to the police. Muirhead called the police, and as a result, the defendant was apprehended not far from where the robbery occurred. At the time of the arrest, the defendant dropped the gun he used in the robbery and was in the possession of two bags. The police handcuffed the defendant and put him in the back seat of the police car. Thereafter, $300 in cash was found on the floor of the back seat of the police car. One of the bags which the defendant was

---

[1]Now section 18-4-302, C.R.S. 1973.
[2]Now section 18-2-105, C.R.S. 1973.

carrying contained clothing identical to that which the robber was wearing at the time the crime occurred.

The prosecution's evidence was unrefuted, and the defense rested at the conclusion of the prosecution's case. The sufficiency of the evidence is not an issue, and the sole questions which are before us relate to jury instructions and the restrictions imposed by the trial court on defense counsel when he was making his closing argument to the jury.

## II.
### Jury Instructions

Defense counsel approved the aggravated robbery instruction, but contends that the trial court erred in not instructing the jury on simple robbery. He argues that simple robbery is a lesser included offense and that the instruction was necessary under the circumstances. In *People v. Ross,* 179 Colo. 293, 500 P.2d 127 (1972), we said "[t]he general rule, that an instruction on a lesser offense is requred when requested, is limited to those cases where there is evidence to support such an instruction." *Accord, People v. Reed,* 180 Colo. 16, 502 P.2d 952 (1972); *Nora v. People,* 176 Colo. 454, 491 P.2d 62 (1971); *Allen v. People,* 175 Colo. 113, 485 P.2d 886 (1971); *Phillips v. People,* 170 Colo. 520, 462 P.2d 594 (1969). The defense theorizes that the revolver which the defendant used only contained five cartridges and the absence of a sixth mandates an instruction on simple robbery. We have declared on numerous occasions that an instruction on the defendant's theory of the case must be given, even if such an instruction is unreasonable. However, the caveat to this rule is that such an instruction must be grounded upon some evidence and the defense theory cannot be fanciful or impossible. *Payne v. People,* 110 Colo. 236, 132 P.2d 441 (1942). *See also Hollon v. People,* 170 Colo. 432, 462 P.2d 490 (1969). In this case, not a scintilla of evidence justified an instruction on simple robbery. Therefore, the trial court correctly refused to give the tendered instruction.

## III.
### Scope of Closing Argument

Our adversary system requires that the scope of closing argument should not be unduly restricted. In *Leick v. People,* 136 Colo. 535, 322 P.2d 674 (1958), we said:

" 'It is within the range of legitimate argument for counsel to state and discuss the evidence and all reasonable and legitimate inferences which may be drawn from the facts in evidence; and if he does not make any statement of fact not fairly deducible from the evidence his argument is not improper, although the inferences discussed are illogical and erroneous. Counsel may draw and state to the jury his own conclusions from the law and the testimony, provided he does not misstate the testimony, nor state facts as to which there is not testimony.' "

*Accord, Bizup v. People,* 150 Colo. 214, 371 P.2d 786 (1962); 5 *Wharton's Criminal Law and Procedure* §§ 2081 *et seq.* (1957). Closing arguments to the jury, however, may not be utilized to mislead the jury. No evidence appears in the record to justify the hypothetical illustrations of innocence such as defense counsel attempted to use in his closing argument. The trial judge correctly ruled on the prosecution's objection and foreclosed the use of further hypothetical illustrations which lacked a factual foundation. The *ABA Standards Relating to The Defense Function* § 7.8(a) provides:

"(a) In closing argument to the jury the lawyer may argue all reasonable inferences from the evidence in the record. It is unprofessional conduct for a lawyer intentionally to misstate the evidence or mislead the jury as to the inferences it may draw."

It was highly improper, in our view, in the absence of any evidence whatsoever, for defense counsel to argue to the jury that the defendant found the money, the weapon, and the clothing which was in his possession at the time of his arrest. The physical evidence was directly tied to the robbery, and no evidentiary basis existed to support the argument that the defendant found the articles which were abandoned by the person who actually committed the robbery. A jury should restrict its deliberations to the evidence presented in the course of the trial and should not be guided by defense counsel's flights of fantasy. *See People v. Duran,* 185 Colo. 359, 524 P.2d 296 (1974); *People v. Medina,* 185 Colo. 183, 522 P.2d 1233 (1974); *United States v. Linn,* 438 F.2d 456 (10th Cir. 1971).

Accordingly, the judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE does not participate.