570 P.2d 1296 (1977)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Robert BRIONEZ, Defendant-Appellant.
No. 76-300.
Colorado Court of Appeals, Division III.
June 9, 1977.
Rehearing Denied July 7, 1977.
Certiorari Denied November 15, 1977.
*1297 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, James F. Dumas, Jr., Chief Deputy State Public Defender, Carol L. Gerstl, Deputy State Public Defender, Denver, for defendant-appellant.
BERMAN, Judge.
Defendant was convicted by a jury of two counts of aggravated robbery, and one count of conspiracy to commit aggravated robbery. He contends that the court erred in giving, and refusing to give, certain instructions. We find no reversible error, and therefore affirm.
The facts are as follows. On the morning of August 24, 1974, two men robbed a cafe and the two customers who were then in *1298 the cafe. One of the robbers, later identified as the defendant, stood behind the customers, who were seated at the counter, and held a sugar bowl in his hands, while the other, armed with a gun, ordered the manager of the cafe to "[g]ive me your money or I'll blow your goddamn head off." After taking the money in the cash register, and the watches and wallets of the two customers, the robbers fled.
Shortly thereafter, the defendant and another individual, John Gonzales, were apprehended by the police in an unrelated incident. During the course of the arrest, the arresting officers heard of the robbery of the cafe over their police radio, and received a description of the robbers which matched the parties they had in custody. One of the victims of the robbery was then brought to where the police were holding the defendant and Gonzales, at which point they were identified by the victim as the robbers. Further, some of the property taken in the robbery was found on the defendant.
The defendant first contends that the court erred in giving an instruction on possession of recently stolen property which instruction stated that such possession "serves to create an inference or incriminating circumstance that the defendant stole such property and . . . can be sufficient in and of itself to justify a verdict of guilty . . .."
Defendant argues that to be convicted of aggravated robbery under C.R.S. 1963, 40-4-302 (1971 Perm.Supp.) (now § 18-4-302, C.R.S. 1973), it was necessary for the People to prove that he was both armed with a deadly weapon during the course of the robbery, and that he had the specific intent if resisted to kill, maim, or wound, but that the above instruction erroneously allowed the jury to convict him of aggravated robbery merely by being satisfied beyond a reasonable doubt that the stolen property was in his possession shortly after the robbery.
Initially we note that although the defendant objected to the giving of the above instruction at his trial he did not, until this appeal, specify in what manner the instruction was improper. Accordingly, since only the grounds previously specified to the trial court may be considered on review, Crim.P. 30, unless the alleged error be deemed "plain error" within the meaning of Crim.P. 52(b), review as to it is precluded. People v. Barker, 180 Colo. 28, 501 P.2d 1041 (1972).
The present case is not one which requires application of the "plain error" rule. To constitute "plain error," the error must "seriously affect substantial rights of the accused," People v. Barker supra, quoting Wright v. United States, 301 F.2d 412 (10th Cir. 1962), and the record must disclose "a reasonable possibility that the improper instruction contributed to the defendant's conviction . . .." People v. Barker, supra; People v. Aragon, 186 Colo. 91, 525 P.2d 1134 (1974).
Here, the evidence of defendant's guilt was overwhelming, consisting of eyewitness identification of the defendant as one of the culprits plus the fact that he was apprehended in possession of stolen items shortly after the robbery. Further, the jury was properly instructed as to specific intent, the elements of aggravated robbery, burden of proof, and that the instructions were to be read and considered as a whole. Accordingly, regardless of whether giving the challenged instruction was erroneous, such did not constitute "plain error" within the meaning of Crim.P. 52(b). A defendant is entitled to a fair trial but not a perfect one. People v. Lowe, 184 Colo. 182, 519 P.2d 344 (1974).
Next asserted is the proposition that defendant's tendered instruction on the affirmative defense of intoxication was improperly refused. He argues that under the facts present here such an instruction was required as bearing on his ability to form the specific intent he asserts was required to convict him of aggravated robbery.
However, an instruction on a matter is only required where there is evidence to support it. People v. Medina, 185 Colo. 183, *1299 522 P.2d 1233 (1974); Rumley v. People, 149 Colo. 132, 368 P.2d 197 (1962). Here, the extent of the evidence relating to defendant's alleged intoxication was the testimony of one of the witnesses that at the time of the robbery the defendant "seemed a little drunk." Standing alone this evidence of intoxication was insufficient to require submission of the issue to the jury. Heideman v. United States, 104 U.S.App.D.C. 128, 259 F.2d 943 (1958); State v. Gunn, 102 Utah 422, 132 P.2d 109 (1942); see Maes v. People, 160 Colo. 528, 418 P.2d 891 (1966); State v. McCorgary, 218 Kan. 358, 543 P.2d 952 (1975); cf. Womack v. United States, 119 U.S.App.D.C. 40, 336 P.2d 959 (1964).
Defendant's final contention also lacks merit. He argues that he was entitled to an instruction on the lesser included offense of simple robbery. Though a defendant who requests an instruction on a lesser included offense is entitled to one if warranted by the evidence, when the evidence does not support such an instruction, it should not be given. People v. Lundy, 188 Colo. 194, 533 P.2d 920 (1975).
The evidence here disclosed that defendant and Gonzales robbed the cafe and its patrons at gunpoint. Further, when Gonzales threatened the manager with bodily injury if she failed to give him the money, she complied with the demand because she "wasn't about to take a chance" of being shot. This evidence showed nothing less than aggravated robbery. People v. Reed, 180 Colo. 16, 502 P.2d 952 (1972). Though defendant did not utter the threat or hold the gun, he is as guilty as if he had. Section 18-1-603, C.R.S.1973. See People v. Cox, Colo., 546 P.2d 956 (1976). Accordingly, the evidence here did not justify an instruction on simple robbery. People v. Lundy, supra.
Judgment affirmed.
PIERCE and STERNBERG, JJ., concur.