Ronald Andrew BEAUDOIN, Petitioner,

v.

The PEOPLE of the State of Colorado, Respondent.

No. 79SC279.

Supreme Court of Colorado, En Banc.

April 27, 1981.

Rehearing Denied May 18, 1981.

J. Gregory Walta, Colorado State Public Defender, James England, Deputy State Public Defender, Denver, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., William Morris, Asst. Atty. Gen., Denver, for respondent.

HODGES, Chief Justice.

Defendant Beaudoin appealed his conviction of felony theft and conspiracy. The Colorado Court of Appeals affirmed the conviction in an unpublished opinion. We granted certiorari to review the court of appeals holding that reversible error did not occur when the trial court refused to instruct the jury on the lesser included offense of misdemeanor theft. We hold, contrary to the court of appeals, that the defendant was entitled to such an instruction, and therefore we reverse the judgment of the court of appeals and order that this cause be remanded for a new trial.

Defendant Beaudoin and one Rickey Lowe towed a 1965 Ford Fairlane to Spekens Auto Salvage Yard in Pueblo, Colorado, and received either $11.50 or $11.70 as the scrap value of the car. The defendant was subsequently charged with theft of goods valued at more than $200, a felony, and conspiracy. The defendant's theory of the case was that he and Rickey Lowe had the owner's permission to tow away the car and have it scrapped. The owner of the car testified, however, that he had not given his permission for this to be done. He also testified that he purchased the car in 1971 for $220 and that there were a number of tools in the trunk of the car which he estimated would cost $50 to replace. An employee of Spekens Auto Salvage, Amel McLaughlin, testified that the fair market value of the car at the time he took possession of it was $300.

The trial court refused to submit the defendant's tendered instructions to the jury on theft of goods valued at between $50 and $200, a class 2 misdemeanor. Section 18–4–401(2)(b), C.R.S. 1973 (Repl.Vol. 8). The defendant was convicted of a class 4 felony theft. Section 18–4–401(2)(c). The court of appeals affirmed the conviction and held that the trial court did not err in failing to submit to the jury the defendant's tendered lesser included offense instruction. We regard this holding as erroneous on the basis of the evidence in this case.

■ The general rule is that an instruction on a lesser included offense should be submitted to the jury where there is evidence to support such an instruction and the defendant requests that it be given. *Hanes v. People*, 198 Colo. 31, 598 P.2d 131 (1979); *People v. Lundy*, 188 Colo. 194, 533 P.2d 920 (1975); *People v. Ross*, 179 Colo. 293, 500 P.2d 127 (1972). There must be some evidence presented tending to establish the commission of the lesser offense. *People v. Rivera*, 186 Colo. 24, 525 P.2d 431 (1974); *Gallegos v. People*, 136 Colo. 321, 316 P.2d 884 (1957); *People v. Bielecki*, 41 Colo.App. 256, 588 P.2d 377 (1978). "[I]t is for the jury, under proper instructions ... to weigh and consider the evidence and determine therefrom what grade of crime, if any, was committed...." *Gallegos v. People, supra*, quoting from *Read v. People*, 119 Colo. 506, 205 P.2d 233 (1949). The refusal of the trial court to submit such an instruction where supported by the evidence is reversible error as a substantial right of the defendant is at stake. "Without such an instruction, the jury may be aware of the commission of a crime, not the principal charge, and yet convict the defendant of the greater crime." *People v. Rivera, supra*. See also *Keeble v. United States*, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973).

■ In this case, there was evidence to support the defendant's request for an instruction on the lesser included offense of theft of goods valued between $50 and $200, a class 2 misdemeanor. From the evidence as presented, the jury could have concluded that the value of the car and tools taken by the defendant was less than $200.

For purposes of the theft statute, section 18–4–401, C.R.S. 1973 (1978 Repl.Vol. 8), "value" is generally proven by evidence of market value at the time and place of the theft. *People v. Austin*, 185 Colo. 229, 523 P.2d 989 (1974); *Noble v. People*, 173 Colo. 333, 478 P.2d 662 (1970); *People v. Kolego*, 38 Colo.App. 191, 554 P.2d 712 (1976). In this case, Mr. McLaughlin, an employee of Spekens Auto Salvage, testified that the market value of the car was $300 when he obtained possession of the vehicle. It was uncontradicted, however, that he paid the defendant $11.50 or $11.70 as the salvage value of the automobile. Further, the owner of the car testified that he paid $220 for the car about five years earlier. Such evidence cast doubt on the $300 appraisal of Mr. McLaughlin. It was for the jury to determine upon proper instructions whether to accept this $300 valuation or a much lesser valuation as indicated from other evidence presented. On this basis, the requested instruction on the lesser included class 2 misdemeanor theft should have been given to the jury by the trial court and it was reversible error not to do so.

The judgment of the court of appeals is reversed and it is ordered that the cause be remanded to the trial court for a new trial.