No. 19,776.

JAMES ANTHONY BURNS, ETC. *v.* THE PEOPLE OF THE STATE OF COLORADO.
(365 P. [2d] 698)

Decided October 23, 1961.

Mr. CHARLES D. PIERCE, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

WE will refer to the plaintiff in error Burns either by name or as defendant, and the People of the State of Colorado as the People.

This writ of error is directed to a conviction and sentence after jury verdict in the district court of Jefferson County. Burns was convicted on one count of receiving stolen goods and on three counts of previous conviction

of felony under the provisions of the commonly called Habitual Criminal Act, C.R.S. '53, 39-13-1. Defendant was sentenced to life imprisonment under the statute pertaining to habitual criminals. What sentence was imposed on account of receiving stolen goods does not appear from the record, but there is a court order that the sentence on that charge run concurrently with the life sentence. Motion for new trial was denied.

Although not in the exact order presented in the summary of argument, the claimed errors are as follows:

1. That the evidence was insufficient to submit the cause to the jury on the substantive crime of receiving stolen goods and that the court, therefore, should have directed a verdict of not guilty in favor of the defendant.

2. That although it be concluded that the trial court was correct in ruling the evidence sufficient to submit the case to the jury, such evidence consisted entirely of the uncorroborated testimony of two accomplices and the jury was in no manner cautioned by the instructions from the court with reference to this type of evidence.

3. That there was no competent evidence of the market value of the goods at the time they were alleged to have been received; that, therefore, an essential element to constitute the crime a felony was lacking.

4. That the court erred in admitting evidence of a transaction other than the one charged in the information.

5. That one of the previous convictions, as alleged in count No. 6 in the information, would not, if committed in the State of Colorado, be a felony, and that there was no proof that the offense was a felony in the State of Nebraska at the time of the alleged conviction there.

The evidence on the charge of receiving goods that had been stolen in a burglary, with full knowledge that they had been so obtained, was presented through two admitted burglars. They testified that they had met at Burns' home where he suggested to them that certain items at the C. F. and R. Steel Fabricating Company, in

Jefferson County, could easily be obtained in a burglary. They said that the plan of the burglary was laid out by all three with Burns as the "mastermind." One of the witnesses said that he was taken to the plant, was shown the building, the location of the lights, and a convenient place to cut through the fence; that on the night of. the burglary Burns provided them with wire cutters which they used to cut a hole through the fence. Once inside the fenced yard they broke the lock on the building and went inside where they took various grinders, drills, acetylene torches and hoses, all of which the defendant had previously indicated he wanted and would buy. They told of taking the items to defendant's place, loading them into his jeep and receiving payment of $60.00 with the promise of further payment if the items brought a favorable price when re-sold. Although the defendant was not charged in connection with any other transaction, the same two admitted participation in the burglary of the steel plant and related other burglaries which they said were suggested by Burns in which they obtained tires and a number of TV sets which they also sold to Burns.

The trial judge carefully admonished the jury that this testimony was admitted only for the purpose of showing that Burns had a scheme or design or plan.

The testimony revealed that Burns was in the tire and junk business, dealing in used merchandise such as the witnesses sold to him. It was the theory of the People that Burns stocked his business with these items through the transactions enumerated. Another witness, not connected with the burglary of the fabricating plant, was called to testify about other and different burglaries in which he had participated, and for the spoils of which he found Burns a willing buyer.

On this evidence defendant claims that since the state witnesses were the admitted thieves of the stolen property allegedly received by the defendant, they were accomplices as to the crime charged. Defendant thus

asserts on the basis of this premise that it was error to submit the case to the jury on the uncorroborated testimony of these accomplices. He contends that such testimony is insufficient to support a conviction unless corroborated by other competent evidence which, it is asserted, was lacking in this case.

On the question whether the witnesses were accomplices, there are two cases in Colorado arriving at diametrically opposed views. The first case is *Newman v. People*, 55 Colo. 374, 135 Pac. 460. There, on an almost identical factual situation, it was held that the receiving of stolen goods, knowing them to have been stolen, is a distinct crime from the original larceny of the property, and the party committing the larceny is not the accomplice of one who purchased the goods from him knowing them to have been stolen. At the time of this decision the following authorities were cited in support of the holding: 12 Cyc. 447; *People v. Cook*, 5 Parker Cr. R. (N.Y.) 351; *Springer v. State*, 102 Ga. 447, 30 S.E. 971; *State v. Kuhlman*, 152 Mo. 100, 53 S.W. 416.

██ Four years later, in *Moynahan v. People*, 63 Colo. 433, 167 Pac. 1175, the identical question was again before the court, and, without citing the Newman case, it held, with citation of authorities, that the thief knowingly selling "to one unauthorized to buy" is an accomplice of the buyer because the seller aids and abets in the commission of the crime. Since that time the matter has been treated in an annotation to *Stephenson v. United States*, 53 A.L.R. (2d) 812, at page 827, and reveals the majority view to be that the testimony of the thief against the one charged with receiving the stolen goods is not subject to the infirmities attached to accomplice testimony. Nineteen states, and the Dominion of Canada, are listed as supporting this view. States in our section of the nation cited in the treatise are California, Utah, Arizona, Iowa, Missouri, Montana, Oklahoma, South Dakota. Colorado, citing the Newman case, but not the Moynahan case, is also listed. The author of the

note in A.L.R. says the generally accepted test is whether the witness himself could be indicted for the offense with which the defendant is charged. Using this test, it can be readily seen that one who admits a theft or burglary cannot at the same time be charged with receiving the goods knowing them to have been stolen.

We now, therefore, repudiate and overrule the Moynahan case and adhere to the original rule as expressed in the Newman case, not only as supporting the majority view but based on sounder reasoning. In view of our holding, the instruction which the court in the Moynahan case said should have been given *when requested,* concerning the testimony of an accomplice, would have no place in the case before us, even had it been requested.

We call attention to *Hoffman v. People,* 72 Colo. 552, 212 Pac. 848, where the court said:

"The defendants' counsel asked the court to instruct the jury to the effect that the defendants be found not guilty because the only evidence of guilt was the uncorroborated testimony of an accessory or co-defendant. *Such is not the law in this jurisdiction.* (citing authorities)" (Emphasis supplied.)

And so, even under the holding of the Moynahan case, the defendant would not, under the circumstances, be entitled to a directed verdict of not guilty.

On the competency of the evidence as to the value of the goods allegedly received, we find the contentions of the defendant without merit. One of the partners of the steel fabricating plant which was burglarized and stripped of a large number of tools used in the operation, described each article missing in the burglary which the convicted burglars admitted taking and gave a figure as to the value of each article, and having a total value of $811.80. The jury found this amount as part of its verdict. On cross examination the witness testified that the prices he had given were what he had paid for the tools and that the tools had been

used in the business and were not new. It is the position of the defendant that since the items were used the evidence as to what they cost or what it would cost to replace them with new items was immaterial. An owner is always competent to testify as to value. Obviously one not in the business of selling such items but putting them to use does not have them appraised from time to time in anticipation of their loss or that he may some day be called upon to testify as to their value on a particular date.

In *Beasley v. Commonwealth* (Ky.) 339 S.W. (2d) 179, it was stated that in the absence of evidence of market value of a particular item, the purchase price, junk price, replacement cost, the use of the article and common knowledge all may be considered. The statute, C.R.S. '53, 40-5-12, makes the buying or receiving of stolen goods a crime, and the question of value only determines whether it is a misdemeanor or a felony. The statute provides that the crime is a felony if the articles received are valued at more than $50.00. The jury found the value of the articles to be $811.80. The evidence adduced at the trial fully supports an aggregate value in excess of $50.00. The testimony of the admitted burglars alone was sufficient to establish on the "stolen goods market" a value of $60.00, the amount they received for the items.

On the question of evidence of similar transactions, in this case the transactions were identical in nature and so related in point of time and so interwoven as to show an intent and design and scheme to act as a "fence" for stolen merchandise. This testimony, under the very careful instructions given by the court, was not subject to the infirmities noted in *Kostal v. People,* 144 Colo. 505, 357 P. (2d) 70.

In setting forth the prior convictions of the defendant, the information charged in count No. 6 that Burns "was duly and regularly convicted of a felony, namely, carrying concealed weapons, in violation of the

statute of the State of Nebraska; that on September 6, 1941, was duly sentenced to the state penitentiary at Lincoln." Defendant contends that carrying concealed weapons is not a felony in Colorado, and that the state failed to prove that it was a felony in Nebraska. As this court held in *Hahn v. People,* 126 Colo. 451, 251 P. (2d) 316, it makes no difference that the crime is not a felony in Colorado if it is a felony where the conviction was had. A reading of the statute admits of no other interpretation. One of the exhibits before the court was a certified copy of the statute defining the crime of carrying concealed weapons in Nebraska. The annotations therein show that the crime is a felony in Nebraska. With such evidence before it and no evidence to the contrary, the court was justified in finding as it did that the prior conviction in Nebraska was a felony, such as to subject the defendant to sentence under the Habitual Criminal Act.

The judgment is affirmed.

MR. JUSTICE MOORE concurs in the result.