## No. 22675.

ELIHUE HENSON *v*. THE PEOPLE OF THE STATE OF COLORADO.
(444 P.2d 275)

Decided August 6, 1968.

STANLEY J. MYERS, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, PAUL D. RUBNER, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFF in error, Elihue H. Henson, was the defendant in the trial court and will be referred to herein as defendant.

The defendant was charged in a three-count information with the crimes of burglary (C.R.S. 1963, 40-3-5), larceny (C.R.S. 1963, 40-5-2), and receiving stolen property (C.R.S. 1963, 40-5-11). The latter count of "receiving" was withdrawn, and the defendant was subsequently found guilty of burglary and larceny. Judgment of conviction and concurrent sentence to the State Penitentiary for not less than three years nor more than seven years on each of the two counts, were entered to which writ of error is directed.

Two contentions raised by defendant's writ of error formulate the basis for reversal, namely:

(1) That count one of the information failed to allege the essential elements of the crime of burglary; and

(2) That the evidence was insufficient to sustain a con-

viction of the crime of grand larceny charged in count two.

## I.

The first count of the information, insofar as pertinent, is as follows:

"* * * informs the 'Court that, on the 28th day of February, A.D. 1965, at the City and County of Denver, and State of Colorado, ELIHUE H. HENSON did then and there feloniously, wilfully and maliciously break and enter, and did then and there feloniously, wilfully and maliciously without force enter the building of ELWARD CONSTRUCTION CO., a corporation, located at 820 So. Lipan Street, with the intent then and there to commit a crime; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Colorado."

■ This count, in charging that defendant did break and enter "with the intent then and there to *commit a crime*" clearly is insufficient since a specific crime must be alleged. By stipulation, the People confess error that count one " * * * charging burglary, is fatally defective in that it does not specify by name the crime which it is alleged the Plaintiff in Error intended to commit upon entry into the building and should be dismissed in line with this Court's decisions in the recent cases of *Gomez v. People,* 162 Colo. 77, 424 P.2d 387 and *Martinez v. People,* 163 'Colo. 503, 431 P.2d 765."

■ Since the burglary count is fatally defective, the trial court did not have jurisdiction over this offense charged and the judgment of the trial court on this count must be reversed.

## II.

■■ Larceny of money or goods exceeding the value of fifty dollars, commonly referred to as grand larceny, is a felony pursuant to C.R.S. 1963, 40-5-2(4), which provides that punishment shall be by confinement for not less than one year nor more than ten years. Where the value does not exceed fifty dollars, punishment is

by fine not exceeding three hundred dollars or imprisonment not exceeding six months, or by both. C.R.S. 1963, 40-5-2(5); C.R.S. 1963, 40-5-21. This crime is commonly referred to as petit larceny and is a misdemeanor. C.R.S. 1963, 40-5-20.

Defendant was charged by the second count in the information with grand larceny. The pertinent portion of the charge is as follows:

"* * * ELIHUE H. HENSON did unlawfully and feloniously steal, take and carry away money, of the value of more than Fifty Dollars ($50.00), of the moneys and personal property of ELWARD CONSTRUCTION CO. * * *."

We agree with the defendant that the evidence presented was insufficient to sustain a conviction of the crime of grand larceny, and does not support a finding in the jury verdict of $150 as the value of the money stolen.

The only testimony with regard to the value of the money taken from the Elward Construction Co. was that it was "in the vicinity of $50." Such evidence is insufficient to support a conviction of the crime of grand larceny. The jury was required to speculate as to whether the value of the money or goods stolen was more or less than $50. It is vital where the value of the money or goods stolen determines the grade of the offense that there be some basis other than pure speculation for a determination of the real value. In the case at bar, there is no reason to assume that the money stolen was more rather than less than fifty dollars, because $48 or $45 is just as much "in the vicinity" of $50 as is $53 or $55.

As is stated in 32 Am. Jur. *Larceny* § 122:

"The necessity of the proof of the real value * * * exists where it is provided that the punishment shall be greater or different when the thing stolen is of or above a certain value, for in such cases the value of the property taken must be established by the evidence in order to

432

ascertain the grade of the offense, and a conviction of the higher grade of the offense must be based on sufficient evidence that the property taken was of or above the value fixed by statute for such purpose. In such cases, without proof of the value of stolen property there can be no conviction * * *."

Judgment reversed.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE KELLEY not participating.