No. 23663.

FRANK ALBERT NOBLE *v*. THE PEOPLE OF THE
STATE OF COLORADO.
(478 P.2d 662)

Decided December 28, 1970.

DAVIDOVICH & DIAMOND, GREENBERG & YOELIN, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, GEORGE E. DeROOS, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

THE defendant was convicted of the felony of receiving stolen property of a value of more than $50, and brings error. We reverse.

Originally the defendant was charged with burglary, conspiracy to commit burglary, larceny, conspiracy to commit larceny, receiving stolen property and conspiracy to receive stolen property. Prior to the end of the trial the district attorney obtained leave of court to withdraw the first four of these charges and there was submitted to the jury only the two counts of receiving stolen property and conspiracy to receive stolen property. The jury acquitted the defendant on the conspiracy count.

The stolen property consisted of a typewriter and an adding machine that were used in a dental office. These articles were taken in a burglary during the night of October 24, 1966. At about 6:00 p.m. on October 25, 1966,

a police officer stopped the defendant, who was driving an automobile, because the car was making too much exhaust noise. The stolen articles were on the back seat of the vehicle.

One of the dentists occupying the office testified that he purchased the adding machine in 1959 for "One hundred forty and some dollars." A sales slip admitted into evidence disclosed that the purchase was made on February 26, 1959, for $143.50. He further testified that he had purchased the typewriter in 1948. There was no testimony as to the value of the typewriter and no further testimony concerning the value of the adding machine. The jury found that the value of the two articles was $95.

During the presentation of the People's case there was no evidence that the defendant had knowledge that the articles were stolen, except whatever inference or presumption might arise from the presence of the stolen articles in the car which the defendant was driving.

The court instructed the jury in Instruction No. 12 as follows:

"If you find from the evidence, beyond a reasonable doubt, that the property in controversy in this case was stolen from the possession of the alleged owner thereof, and that recently thereafter the same, or any part thereof, was found in the possession of the defendant, this may be a circumstance tending to show that the defendant *stole* the property so found in his possession unless the evidence and testimony upon the trial show that he came into possession of the same honestly.

"In order to justify the inference of *larceny* from the possession of stolen property it is necessary that the property be found in the exclusive possession of the defendant; he can only be required to account for the possession of things which he actually and knowingly possessed.

"The possession must be personal, recent, and unexplained, and must involve a distinct and conscious as-

sertion of property by the defendant." (Emphasis added.)

Neither side made any objection to this instruction, and its submission to the jury has not been raised as error here. For the benefit of the trial court in a new trial, we call attention to the erroneous references to stealing of property and to larceny.

The court held that the evidence was sufficient to support a finding by the jury that the value of the property was more than $50, citing *Epstein v. Denver*, 133 Colo. 104, 293 P.2d 308 (1956). *Epstein* was a condemnation proceeding in which it was held that, where a period of four years elapsed between the purchase and the condemnation, the amount of the purchase price was one of the facts that the jury might consider in establishing value. We do not regard *Epstein* as authority for establishing the value of personal property. There is just too much difference between the depreciation of land and office machines.

In *Henson v. People*, 166 Colo. 428, 444 P.2d 275 (1968), it was held that testimony that the value of the items was "in the vicinity of $50" was insufficient to support a conviction of larceny of goods having a value of more than $50. In *Burns v. People*, 148 Colo. 245, 365 P.2d 698 (1961), the owner testified that he had paid $811.80 for used tools and that this was their value at the time they were stolen. In addition, there was other testimony as to value.

For ought that appears in the record here the typewriter, which was eighteen years old, might have had no value or only a nominal value. The 9-year-old adding machine purchased for $143.50 easily could have been worth materially less than $50. It is the obligation of the People to prove the reasonable market value of the goods at the time involved. *Maisel v. People*, 166 Colo. 161, 442 P.2d 399 (1968). There is a vast difference between the evidence of value in *Burns* and that here; *i.e.*, in *Burns* the purchase price was 16 times $50. We hold that the People did not show the reasonable market

value of the stolen property to be in excess of $50, and for this reason the conviction must be reversed and the cause remanded for retrial.

■ The defendant argued vigorously in the trial court and here that evidence of possession alone is not sufficient to support a conviction of *knowingly* receiving possession of stolen property. The trial court ruled otherwise, possibly acting under the authority of *Buckles v. People,* 154 Colo. 357, 391 P.2d 873 (1964). This court has repeatedly held that in a prosecution for *larceny* or *burglary* the jury may infer that the accused committed the theft from the circumstances of his recent, unexplained, exclusive possession of the stolen articles involved. *Ciccarelli v. People,* 147 Colo. 413, 364 P.2d 368 (1961); *Rueda v. People,* 141 Colo. 504, 348 P.2d 958 (1960); *Davis v. People,* 137 Colo. 113, 321 P.2d 1103 (1958); *Lombardi v. People,* 124 Colo. 284, 236 P.2d 113 (1951); *Foster v. People,* 56 Colo. 452, 139 P. 10 (1914); and *Van Straaten v. People,* 26 Colo. 184, 56 P. 905 (1899).

■ It is firmly established in this state that knowledge of the fact that the property was stolen is an integrant of the crime of receiving stolen property and the burden of establishing knowledge on the part of the defendant is upon the prosecution. *Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959); *Burnham v. People,* 104 Colo. 472, 93 P.2d 899 (1939); and *Goodfellow v. People,* 75 Colo. 243, 224 P. 1051 (1924).

■ It is the majority rule — in contrast to the law applicable to burglary and larceny — that in order to support a conviction of knowingly receiving stolen goods there must be proof of some circumstances showing knowledge of the theft beyond mere proof of recent, unexplained, exclusive possession of the property. We approve of the following statement in *Crowell v. State,* 195 Miss. 427, 15 S.2d 508 (1943):

"One guilty of larceny or burglary necessarily knows the facts and circumstances connected with the crime,

but in a prosecution for receiving stolen property, guilty knowledge is the very gist of the offense. Such knowledge must be both alleged and proved. . . .

"From the foregoing authorities, we conclude that it is never proper, in a case for receiving stolen goods knowing them to have been stolen, for the jury to be instructed, in effect, that the unexplained possession alone of such recently stolen property is either a circumstance from which guilt may be inferred or that such possession is a circumstance strongly indicative of guilt which would justify, support, or warrant a verdict for the state, where such possession is unaided by other proof tending to show that the accused received such property knowing it to have been stolen."

For demonstration of the fact that this is a majority rule see the annotation in 68 A.L.R. 187 (1930) and the cases cited in succeeding volumes of A.L.R. Blue Book of Supplemental Decisions.

*Buckles v. People, supra,* might possibly be interpreted to stand for the proposition that recent, unexplained, exclusive possession of stolen merchandise is sufficient to support a conviction of knowingly receiving stolen property. There is a minority view which agrees with such an interpretation. *See Commonwealth v. Gomori,* 192 Pa. Super. 325, 161 A.2d 649 (1960); and Annot., 68 A.L.R. 187 (1930). There is no necessity, therefore, to overrule such an interpretation of *Buckles* nor to reverse intervening convictions. The rule announced here is to be effective prospectively, commencing with the announcement of this opinion.

■ To repeat, in order to support a conviction of receiving stolen property there must be proof of knowledge of the theft on the part of the recipient, which requires more than recent, unexplained, exclusive possession of the article or articles. This is not to say that recent, unexplained, exclusive possession is not a fact which the jury may well consider along with other evidence (either direct or circumstantial) of knowledge

of the theft. It is merely insufficient by itself to prove such knowledge. Juries should be so instructed in cases involving the crime of receiving stolen property.

The judgment is reversed and the cause remanded with directions that the motion for new trial be granted and further proceedings be had consistent with the views expressed herein.