## No. 25488

## The People of the State of Colorado v. Kenneth Wayne Paris
(511 P.2d 893)

Decided July 2, 1973.

Robert R. Gallagher, Jr., District Attorney, James C. Sell, Deputy, for plaintiff-appellant.

Kuttler, Redman & Anderson, P.C., Roger W. Redman, John E. Byron, for defendant-appellee.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Defendant Kenneth Paris was charged with the felonies of

theft and receiving stolen goods in violation of 1967 Perm. Supp., C.R.S. 1963, 40-5-2. At the close of the People's evidence, the trial judge granted defendant's motion for judgment of acquittal. The People ask us to disapprove the ruling of the trial court.

During the trial to jury, the People introduced into evidence an AM radio and a light bar, used in conjunction with a small movie camera, both of which had been seized from defendant's home pursuant to a search warrant. H. John Flink, who was the owner of these items and from whom they had been taken offered the only testimony as to their value. He stated that he had paid seventy-five dollars for the radio four years prior to trial and fifty dollars for the light bar three years prior to trial. He further testified that he did not know the present market value of either of these items.

Further testimony adduced by the People revealed that a third party had allegedly sold a stolen guitar to the defendant. However, the guitar itself was not introduced into evidence, and there was no testimony as to its fair market value, its age or its condition.

At the close of the People's case, defendant asked that the court grant a motion for judgment of acquittal on the ground that the People had failed to present any evidence showing that the current market value of the stolen goods was in excess of one hundred dollars, as required for conviction under both counts as a felony. The motion was granted.

On appeal, the People urge that (1) the owner's testimony was competent evidence of current fair market value, and thus, the value of the stolen items was a question that should have been submitted to the jury, and (2) even if the fair market value of the goods was less than one hundred dollars, the case should have been submitted to the jury on two misdemeanor counts.

I.

In order to justify submission of a case to the jury, the People must introduce competent evidence going to each and every element of the crime charged. One of the essential elements of both the felony offenses of theft and theft

receiving is that the stolen goods must be of a value in excess of one hundred dollars, 1967 Perm. Supp., C.R.S. 1963, 40-5-2(2)(b). To make a *prima facie* case, it was incumbent upon the People to present competent evidence of the reasonable market value of the goods in question at the time of the commission of the alleged offense. *Nobel v. People,* 173 Colo. 333, 478 P.2d 662.

■ In this case, the only evidence of value adduced by the People was testimony by the original owner of the goods of their original purchase price. While an owner of goods is always competent to testify as to the value of his property, *Rodriquez v. People,* 168 Colo. 190, 450 P.2d 645; *Burns v. People,* 148 Colo. 245, 365 P.2d 698, it must, as we have said, relate to its value at the time of the commission of the crime. Where, as here, the owner testifies only as to the purchase price of the goods, such testimony is competent evidence of fair market value only where the goods are so new, and thus, have depreciated in value so insubstantially, as to allow a reasonable inference that the purchase price is comparable to current fair market value. In the instant case, the goods in question were at least three years old, and thus, the purchase price could not reasonably be equated with the fair market value at the time of taking. In addition, the owner specifically stated on cross-examination that he did not know the fair market value at the time of the commission of the crime. Without competent evidence of fair market value, the jury would have had to base its determination of the value of the goods in question at the critical time on pure speculation. The judge properly removed the case from the jury's consideration.

## II.

■ Secondly, the People state, parenthetically, that even if the fair market value of the goods was less than one hundred dollars, the case should have been submitted to the jury on the basis of misdemeanor counts of theft and theft receiving (goods valued at less than one hundred dollars).

However, as stipulated at trial, the Information charged only the felony counts. When the court announced that it

was dismissing the felony counts, the People did not request that the matter be submitted on the basis of a lesser included misdemeanor. The record reveals that the People were relying on either a conviction on the felony counts or an acquittal. The question of submission to the jury of misdemeanor counts was first raised on appeal, and comes too late.

The ruling of the trial court is approved.