554 P.2d 712 (1976)
The PEOPLE of the State of Colorado, Plaintiff-Appellant,
v.
Henry Edward KOLEGO, Defendant-Appellee.
No. 75-622.
Colorado Court of Appeals, Div. II.
August 19, 1976.
*713 James D. Childress, Dist. Atty., Michael E. McLachlan, Durango, for plaintiff-appellant.
No appearance for Henry Edward Kolego, defendant-appellee.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Robert C. Lehnert, Asst. Attys. Gen., Denver, amicus curiae, for the People of the State of Colorado.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Defendant was charged with two counts of theft of gold concentrate. At the close of the People's case, defendant moved for a directed verdict of acquittal. The motion was granted on both counts. The People do not contest the acquittal on the first count, but appeal from the judgment of acquittal on the second count. We disapprove the ruling.
The second count of the information charged the defendant with taking gold concentrate of a value in excess of $100. The unlawful taking by the defendant was established by the evidence. The sole ground for granting the acquittal was that "the People failed to prove that the value of the gold concentrate ... was in excess of $100."
The People, in order to prove the value of the concentrate, introduced testimony which explained how the ore was milled and treated to produce the concentrate. The People then elicited evidence from an assayer who had assayed the stolen concentrate. This witness explained in detail how the assay was conducted, and then testified that the gold content of the concentrate had a market value at the time of the theft of $577.44.
The court held that because there was no evidence to show what the cost of extracting the gold from the concentrate might be, the value of the gold in the concentrate did not show the value of the concentrate. Therefore, it concluded that there was no evidence on "which the jury could conclude that the value of the stolen gold concentrate exceeded $100."
The trial court erred in granting the defendant's motion for acquittal. In ruling on such a motion, the court must view the evidence as a whole and in the light most favorable to the prosecution. People v. Bennett, 183 Colo. 125, 515 P.2d 466 (1973). Here there was sufficient evidence *714 from which the jury could reasonably have found that the value of the thing stolen was in excess of $100. The jury would not be required to find the exact value, but need only determine that it did in fact exceed $100. People v. Austin, 185 Colo. 229, 523 P.2d 989 (1974).
Value is to be determined at the time and place of the theft. People v. Paris, 182 Colo. 148, 511 P.2d 893 (1973); People v. Siderius, 29 Cal.App.2d 361, 84 P.2d 545 (1938). Although value is usually proven by evidence of the market value, there are alternative methods which may be used under special circumstances. Burns v. People, 148 Colo. 245, 365 P.2d 698 (1961). See Rodriguez v. People, 168 Colo. 190, 450 P.2d 645 (1968). Here, expert testimony as to intrinsic value was used since the object had unusual characteristics. See Cleveland v. State of Nevada, 85 Nev. 635, 461 P.2d 408 (1969); Monahan v. Scott Cleaning Co., 241 S.W. 956 (Mo.App.1922).
An assay is obtained in order to determine the "true value" of gold ore or concentrate. Phipps v. Hully, 18 Nev. 133, 1 P. 669 (1883). It is the test of value of a speciman or quantity of ore. E. De Soto & A. Morrison, Mining Rights on the Public Domain 491 (16th ed.). Here the assay showed the value of the gold to be over $500, and, further, that the owner would be able to extract not less than sixty percent of the gold from the concentrate, with a value of $343.46. This was the minimum that the owner "could expect to receive," which is one test of value approved by our Supreme Court. See People v. Marques, 184 Colo. 262, 520 P.2d 113 (1974). Thus there was sufficient evidence to submit the issue of value to the jury.
The cost of extracting the gold from the concentrate would be significant in a civil action for conversion or trespass, to determine the damages sustained by an owner from whom ore or concentrate was wrongfully taken. Even in civil cases, where the trespass or taking is willful, the wrongdoer is not entitled to credit for the costs of extraction of the mineral from the ore. Liberty Bell Gold Mining Co. v. Moorhead Mining & Milling Co., 58 Colo. 308, 145 P. 686 (1915). Here we are concerned with value, not net profit.
Since the People, at the time of the ruling on the motion for acquittal did not request the court to submit the case to the jury on a petty larceny charge, the issue cannot be raised here. We, therefore, cannot remand for a trial on that charge.
Ruling disapproved.
RULAND and STERNBERG, JJ., concur.