## No. 79SA36

**The People of the State of Colorado v. Ibrahim Mohmoud Elkhatib**

(599 P.2d 897)

Decided August 27, 1979.

J. E. Losavio, Jr., District Attorney, Amy S. Isaminger, Deputy, for plaintiff-appellant.

No appearance by defendant-appellee.

*En Banc.*

JUSTICE GROVES delivered the opinion of the Court.

Pursuant to section 16-12-102, C.R.S. 1973 (now in 1978 Repl. Vol. 8), the People appeal two rulings entered by the district court during the defendant's trial on three counts of theft. We disapprove the rulings of the district court.

Evidence introduced at trial showed that the defendant had solicited an Associated Grocers' truck driver to steal Associated Grocers' goods and deliver them to the defendant in return for payment totaling half the value of the goods. The driver informed the police and an Associated Grocers' superior about the offer. Subsequently, the Colorado Bureau of Investigation and Associated Grocers authorized the driver to make three deliveries to the defendant of what he though were stolen goods.

The first delivery involved goods worth less than fifty dollars, but the second and third deliveries each involved goods valued at over two hundred dollars. Initially, the People charged the defendant with one count of theft of goods worth less than fifty dollars (a class 3 misdemeanor) and two counts of theft of goods worth between two hundred and ten thousand dollars (a class 4 felony). Section 18-4-401, C.R.S. 1973 (now in 1978 Repl. Vol. 8). In the first ruling under appeal, the district court reduced the latter two charges to counts of theft of goods worth between fifty and two hundred dollars (a class 2 misdemeanor). The basis of the ruling was that Associated Grocers suffered less than a two hundred dollar net loss on each of the second and third thefts since the defendant had paid the driver an amount equal to half the value of the goods and the driver had turned those payments over to his superior at Associated Grocers. We agree with the People that this ruling was error. Except for the driver's loyalty, Associated Grocers would have had a 100% loss, as was the intent of the defendant.

It is well established in Colorado that the value of a stolen item is measured by its fair market value. *People v. Austin,* 185 Colo. 229, 523 P.2d 989 (1974); *People v. Marques,* 184 Colo. 262, 520 P.2d 113 (1974); *People v. Paris,* 182 Colo. 148, 511 P.2d 893 (1973); *Noble v. People,* 173 Colo. 333, 478 P.2d 662 (1970). Prior cases do not address the particular issue presented here, *viz.,* whether amounts paid to obtain the cooperation of one believed to be a co-conspirator should be deducted in determining the value of stolen goods when the payments were returned to the owner of the goods. Nonetheless, we believe that the goods should be valued at the market value at the time of the theft without regard to the purported co-conspirator. *Knight v. Florida,* 217 So. 2d 124 (Fla.

App. 1968); *State v. Donaldson,* 35 Utah 96, 99 P. 447 (1909). *See generally* 2 *R. Anderson, Wharton's Criminal Law and Procedure.* § 449 (1957). Since the goods involved in the second and third deliveries were worth $330 and $218 respectively, the district court erred in reducing the charges of theft of goods worth between two hundred and ten thousand dollars.

█    The People also appeal the district court's refusal to instruct the jury on two charges of attempted felony theft. Section 18-2-101, C.R.S. 1973 (now in 1978 Repl. Vol. 8). The People had requested the instructions on attempted felony theft after the district court had ruled that the counts of felony theft were improper, as explained above. The district court refused on the ground that an instruction regarding attempted theft was improper since a theft had actually occurred.

It appears that the People would not have requested instructions on attempted theft if the district court had not erroneously reduced the original charges. Consequently, the ruling is a product of that error. We note only that the basis of the ruling is *contra* to section 18-2-101(1), C.R.S. 1973 which provides that the fact that the attempted crime was actually perpetrated by the accused is not a defense to a charge of attempt.

Rulings disapproved.

JUSTICE ERICKSON specially concurs.

JUSTICE CARRIGAN does not participate.

JUSTICE ERICKSON specially concurring:

I concur in the result or judgment for the reasons set forth in this opinion.

This case presents a novel twist to the established rule that the value of a stolen item is measured by its fair market value. I agree with the majority that the payments should not be deducted in this case. However, I am concerned that the majority approach may be misinterpreted. If, for example, a thief fradulently paid a merchant only one hundred dollars for goods valued at two hundred dollars, the thief is responsible and subject to prosecution for theft of goods valued at one hundred dollars. The merchant has suffered only a one hundred dollar loss, and the theft cannot be of a greater amount.

The majority could be construed to hold the thief liable for the entire value of the merchandise received. This not only appears to be illogical, but such reasoning runs counter to the premises underlying section 18-4-401, C.R.S. 1973, which grades offenses based on the value of the property stolen. Our statutory scheme strives to inject a note of fairness into the criminal justice system by matching the seriousness of the offense to

the value of the property taken. The reduction of the theft charges was predicated on the fact that the defendant had paid the truck driver one-half the value of the stolen goods. The trial judge reasoned that only one-half of the value of the goods was stolen because the truck driver acted under the authority of Associated Grocers and had turned his share of the proceeds over to them. After determining that the value of the goods discounted by half was less than two hundred dollars, the charges were reduced. The trial court erred.

The value of a stolen item is measured by its fair market value. *People v. Austin,* 185 Colo. 229, 523 P.2d 989 (1974). This case, however, presents a different factual predicate: Should the defendant's payments to his perceived co-conspirator be deducted from the fair market value of the stolen goods simply because in fact the money was turned over to Associated Grocers and used to partially compensate their loss? I think not.

First, although we have not previously addressed this point, it is clear that the entire value of the property taken in the commission of an offense is used to determine the grade of the offense, notwithstanding the fact that the thief intended to divide the property with his confederates. *Knight v. Florida,* 217 So.2d 124 (Fla. App. 1968); *State v. Donaldson,* 35 Utah 96, 99 P. 447 (1909). *See generally 2 R. Anderson, Wharton's Criminal Law and Procedure* §449 (1957). If, for example, two thieves together steal property worth two hundred dollars, they may not, for the purposes of lessening their offense, claim that each thief is only responsible for taking property valued at one hundred dollars. Each is liable for theft of the whole amount.

This case differs from the rule above only by the fact that one of the two supposed confederates was not actually a partner in the criminal venture. If the charge were conspiracy, that fact alone would not lessen the defendant's culpability. Impossibility is not a defense to conspiracy under our law, so it would make no difference that one of the conspirators was actually working for the police. Section 18-2-205, C.R.S. 1973. Similarly, the fact that the truck driver was not actually in league with the defendant does not reduce the charge based upon the value of the property stolen. The crime was theft of property. The defendant joined with his supposed confederate to steal property, and the property was valued at over two hundred dollars. That is all that is relevant to the determination. Therefore, the fact that one confederate turned over his share of the loot to the victim after the theft took place, is of no consequence in valuing the property for the purposes of section 18-4-401, C.R.S. 1973.