The PEOPLE of the State of Colorado, Petitioner-Appellee,

v.

In the Interest of, A. G., A Child, Respondent-Appellant, and concerning L. G. and M. G. and F. F., Respondents.

No. 78–1055.

Colorado Court of Appeals, Div. I.

Dec. 28, 1979.

John D. MacFarlane, Atty. Gen., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Denver, for petitioner-appellee.

John Delos Zimmermann, Denver, for respondent-appellant.

SILVERSTEIN, Judge.

Upon charges of burglary, felony theft, and conspiracy, appellant, a minor child, was adjudicated a delinquent. A jury found appellant did commit acts that would constitute felony theft and conspiracy, but it acquitted him on the burglary charge. On appeal, appellant contends that the jury verdicts are inconsistent and contrary to § 18–2–206(2), C.R.S.1973 (1978 Repl.Vol. 8), and that the prosecution failed to prove that the value of the property taken was over $200. We affirm in part and reverse in part.

The evidence, viewed in the light most favorable to the jury's verdict, *People In Interest of D. G. P. v. D. E. P.*, 194 Colo. 238, 570 P.2d 1293 (1977), disclosed the following. At approximately 8:30 p. m. on January 8, 1978, a white car containing four individuals was observed in the vicinity of a residence. After making investigative trips to the house, three of the occupants forced the front door open and entered the house. The fourth occupant remained in the car. Soon the three left the house carrying a console television set and other objects, which were placed in the auto. The car then drove away with the lights turned off, but was pursued by the police, who had been called by neighbors. Although three of the occupants fled from the car, all were caught and arrested, and the items were recovered. An officer identified appellant as being one of the car's occupants.

At the trial, the owners of the home testified that after the break-in a 1971 Sears 23″ console TV, a 20-year-old shotgun, some jewelry, and a pair of gloves were missing.

Appellant's first contention is that the jury verdicts are inherently inconsistent and contrary to § 18–2–206(2), C.R.S.1973 (1978 Repl.Vol. 8). Jury verdicts acquitting a defendant of burglary and finding guilt as to a conspiracy to commit burglary are not inconsistent so long as there is independent evidence in the record implicating the defendant in a conspiracy separate and apart from the evidence offered to prove the substantive offense. *Scott v. People*, 166 Colo. 432, 444 P.2d 388 (1968).

Here, in addition to the evidence presented concerning the burglary, there was evidence indicating that appellant and his companions "cased" the house before the burglary plus evidence that appellant fled from the car containing stolen goods. This evidence was sufficiently independent from the evidence of the burglary for the jury to infer a conspiracy. Therefore, the jury's verdicts did not violate § 18–2–206(2).

Appellant also alleges that the independent evidence is so vague and inconclusive that the conspiracy conviction cannot be sustained as a matter of law. We disagree.

Conspiracies by nature are covert, and circumstantial evidence alone may prove

their existence. *People v. Vandiver*, 191 Colo. 263, 552 P.2d 6 (1976). The evidence presented provided a sufficient basis from which the jury could infer that the occupants of the car formulated a plan to ascertain that the house was vacant and then to break into the house to remove valuable items. The jury could further conclude from the testimony that the appellant was one of the individuals who participated in the scheme, even though the jury was not convinced by the prosecution's evidence that the appellant actually broke into the house. *People v. Gallegos*, 181 Colo. 264, 509 P.2d 596 (1973).

■ Appellant next contends that the conviction of felony theft is not supported by the evidence because the prosecution did not prove that the value of the stolen property was over $200. We agree with this contention.

Where the value of the goods stolen determines the grade of the offense, there must be some basis other than pure speculation for determination of the real value. *Henson v. People*, 166 Colo. 428, 444 P.2d 275 (1968). Value in a theft case is market value, what a willing buyer will pay in cash to the true owner for the stolen items. *People v. Margues*, 184 Colo. 262, 520 P.2d 113 (1974). The prosecution must prove the reasonable market value of the goods at the time of the taking. *Noble v. People*, 173 Colo. 333, 478 P.2d 662 (1970).

In this case, the owners, The Reverend and Mrs. King, testified that they purchased the TV console in 1971 for $600 and that they "assumed" it would cost $800 or $900 to replace. Mrs. King stated that she did not know the current value of the console and that the jewelry taken was not expensive. Reverend King testified that a new shotgun similar to the one taken would cost $200.

While an owner of goods is always competent to testify as to the value of his property, that testimony must relate to the value at the time of the commission of the crime. The owner's testimony as to the purchase price of the goods is competent evidence of fair market value "only where

the goods are so new, and thus, have depreciated in value so insubstantially, as to allow a reasonable inference that the purchase price is comparable to current fair market value." *People v. Paris*, 182 Colo. 148, 511 P.2d 893 (1973).

Similarly, although replacement cost may be a factor in determining the value of stolen items, *Burns v. People*, 148 Colo. 245, 365 P.2d 698 (1961), the evidence of replacement cost alone is not sufficient to prove the value of the property. *People v. Cobetto*, 32 Ill.App.3d 696, 336 N.E.2d 505 (1975); *Vucci v. State*, 13 Md.App. 694, 284 A.2d 646 (1971).

In this case, because of the age of the items, neither the purchase price nor the replacement cost could be reasonably equated with the fair market value of the goods at the time of the taking. Therefore, the jury's verdict could have been based only upon pure speculation and, where, as here, no instruction on the lesser included offense of misdemeanor theft was requested or given, the conviction for felony theft must be reversed. *People v. Paris, supra.*

In view of our preceding examination of the evidence on conspiracy, we find appellant's challenge to the sufficiency of the evidence to be without merit.

The finding of guilt on the charge of conspiracy is affirmed. The finding of guilt on the felony theft charge is reversed and the cause is remanded with directions to dismiss the felony theft charge, and for reconsideration of the disposition on the conspiracy charge.

COYTE and KELLY, JJ., concur.