**The PEOPLE of the State of Colorado,
Plaintiff-Appellee,**

v.

**Charles Aaron EVANS,
Defendant-Appellant.**

**No. 78–1066.**

Colorado Court of Appeals,
Div. II.

May 15, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Asst. Atty. Gen., Richard N. Stuckey, Designated Counsel, Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Denver, Warren T. Marshall, Sp. Deputy Public Defender, Canon City, for defendant-appellant.

STERNBERG, Judge.

The defendant, Charles Aaron Evans, appeals his conviction of theft from a person and theft of property having a value of more than $200 but less than $1000. He asserts that the conviction must be reversed because (1) the court improperly denied his request for a jury trial, (2) the evidence of value of the property was insufficient to establish the crime, and (3) the evidence did not prove theft from the person. We agree with his first contention and therefore reverse and remand for a new trial.

Defendant's conviction stems from the theft of a purse. On August 2, 1978, the victim was pushing a shopping cart home from a grocery store to her house. An automobile stopped and a woman got out and grabbed the victim's purse from the shopping cart. The woman returned to the car, which the victim testified was driven by a man, and the car drove off. The victim ascertained the license number of the vehicle and reported it to the police. A short time later, defendant, allegedly the male driver, was apprehended. The victim's purse and some of its contents were recovered from the automobile defendant was driving.

## I.

On September 12, 1978, defense counsel, in open court, waived defendant's right to a jury trial and requested the case be heard

by the court. Defendant was not questioned about his intention and understanding and did not personally waive his right to a jury trial at that time. Trial was set for the following day. Prior to commencement of trial, defendant, through the same counsel, requested a jury trial, asserting that he did not understand that he had waived that right the previous day. The court, relying on what it concluded was a valid waiver, and the People's refusal to consent to a withdrawal of that waiver, denied defendant's request. Defendant appeals that decision.

■ The fundamental right to trial by a jury in criminal cases is a paramount constitutional right guaranteed by the *United States Const.*, Amend. VI and the *Colo. Const.*, Art. II, Sec. 23. Moreover, § 16–10–101, C.R.S.1973 (1978 Rep. Vol. 8), states that "the right of a person who is accused of an offense to have a trial by jury is inviolate, and a matter of substantive due process of law . . . ."

■ A defendant in a criminal case may waive his right to a jury trial. *See* Crim.P. 23(a)(5). However, that waiver must be understandingly, voluntarily, and deliberately made, *People v. Fowler*, 183 Colo. 300, 516 P.2d 428 (1973); and, a determination of waiver must be a matter of certainty and not implication. *Rice v. People*, 193 Colo. 270, 271, 565 P.2d 940, 941 (1977). Further, as stated in *Rice*, "the plain meaning of Crim.P. 23(a)(5) requires that a defendant personally waive his right to a jury trial and that a statement by his counsel does not operate as a waiver."

■ Here, the People concede that prior to the time defendant requested a jury trial he had not *personally* expressed a waiver of his right to trial by a jury. The trial court, in reviewing the question of whether to grant a jury trial, questioned defendant concerning his understanding relative to counsel's waiver of his rights the previous day, and concluded that because defendant had concurred in counsel's request the waiver was valid. Such a determination does not comport with the requirement of *Rice v.*

*People, supra,* because the waiver must be expressed by defendant personally at the time the waiver is attempted. Hence, we conclude defendant's request for a trial by jury, coming as it did at a time when there had been no valid waiver of that right, should have been granted. Denial of that request was reversible error. *Rice v. People, supra.*

## II.

■ Notwithstanding our determination that Evans is entitled to a new trial, we must address his contention that the evidence produced at trial was insufficient to sustain his conviction. If the evidence were found to be insufficient, retrial of Evans on the charged offenses would be precluded under the constitutional prohibition against placing a defendant twice in jeopardy. *See Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

■ Defendant asserts that the evidence of value of the goods stolen was insufficient to establish the crime of theft of $200 or more. We reject this contention, finding that conviction of a class 4 felony under § 18–4–401(2)(c), C.R.S.1973 (1978 Repl. Vol. 8) was sustainable under the evidence presented.

The trial court found that the goods taken were worth $227. Defendant contends that the evidence does not substantiate the values attached to a shawl, a checkbook cover, a watch, and foodstamps. Viewing the evidence, as we must, in the light most favorable to the prosecution, *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973), we conclude that it was sufficient to substantiate the trial court's determination of value as to the watch and foodstamps and note that even if the values of the shawl and checkbook cover were reduced or not considered at all the total value of the stolen goods would still exceed $200.

■ The measure of value to be attached to items that are stolen is their reasonable market value at the time of the taking. *Noble v. People,* 173 Colo. 333, 478 P.2d 662 (1970). Here, the victim of the

theft testified as to the value of the items taken. That testimony was competent and could properly be admitted for purposes of valuation. *People v. Paris*, 182 Colo. 148, 511 P.2d 893 (1973).

Defendant asserts that the value attached to a watch stolen from the victim was entirely speculative and unreasonable. The victim testified that approximately 5 years before the theft she had purchased the watch at a post exchange for $120, considerably less than its actual retail value, and that she believed it to be worth $80 to $90 at the time of the offense. This testimony was competent. *People v. Paris, supra.* Under the circumstances, the trial court's acceptance of the $80 figure was reasonable and not so uncertain as to require speculation on the part of the finder of fact. *Cf. Henson v. People*, 166 Colo. 428, 444 P.2d 275 (1968).

■■■■ We also reject defendant's contention that the foodstamps should have been valued at the price the victim paid for them —$26 to $30, not the face value of the coupons—$90. He also asserts that there was no evidence of the value of the foodstamps to someone without proper identification or as to the presence of an "illegal market" for the disposal of the coupons. However, as stated in *People v. Marques*, 184 Colo. 262, 269, 520 P.2d 113, 117 (1974): "The value of the thing is not limited to what the thief could realize on the instrument . . . the loss is measured by what the owner could expect to receive for the instrument. The value the victim would have received for the foodstamps was $90. Thus, the trial court did not err in ascribing that value to them. *People v. Kolego*, 38 Colo.App. 191, 554 P.2d 712 (1976).

### III.

■■■■ Finally, defendant asserts that the evidence did not establish a taking "from the person of another" as proscribed by § 18–4–401(5), C.R.S.1973. He argues that because the purse was merely in front of the victim in the cart, and not in her *grasp*, all of the elements of that offense were not established. We do not agree.

We find the reasoning in the case of *Mack v. State*, 465 S.W.2d 941 (Tex.Cr.App. 1971), persuasive. That case involved a fact situation substantially identical to that presented by the instant case. There the court stated:

"The theft of a shopping cart under the circumstances presented would have been theft from person, therefore, it would be difficult to argue that theft of the purse from the cart upon which the complaining witness had her hand would not constitute theft from [a] person." 465 S.W.2d at 942.

We conclude that the taking of the purse from the cart which the victim was pushing, and which was under her control and in her present possession, constitutes taking "from the person of another" in violation of § 18–4–401(5), C.R.S.1973. Thus, even if the evidence of value had been insufficient to establish a class 4 felony, the evidence was sufficient to warrant a conviction of a class 5 felony under § 18–4–401(5).

The judgment of the trial court is reversed and the cause is remanded for a new trial at which defendant is entitled to a jury.

RULAND and KIRSHBAUM, JJ., concur.