■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRAD McPHERSON, Appellant. [730 NYS2d 315] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered June 16, 1998, convicting defendant, after a jury trial, of criminal possession of stolen property in the third degree and seven counts of criminal possession of stolen property in the fourth degree, and sentencing him, as a persistent felony offender, to concurrent terms of 15 years to life on the criminal possession of stolen property in the third degree conviction and 2 to 4 years on each of the remaining convictions, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence warranted a reasonable inference that the value of the almost 300 items of stolen property, including silver, gold and pearl jewelry, a mountain bike, a computer, printer and a camera, exceeded the $3,000 statutory threshold (Penal Law §§ 165.50, 155.20 [1]; see, People v Sheehy, 274 AD2d 844, lv denied 95 NY2d 938). We note that most of the stolen items were admitted as exhibits at trial, enabling the jury to examine their condition (see, People v Mayerhofer, 283 AD2d 672).

Defendant's suppression motion was properly denied. The record supports the court's finding that the officer conducted a proper request for information. After the officer saw disconnected brakes dangling from the mountain bicycle defendant was pushing, which the officer, an experienced mountain biker, knew was unusual, he had an objective, credible reason to approach defendant to request information (see, People v Hollman, 79 NY2d 181; People v De Bour, 40 NY2d 210). This initial questioning was non-threatening and brief and constituted a proper level-one inquiry (Hollman, supra at 185). After defendant provided inconsistent and evasive answers, the officer had

a founded suspicion that criminal activity was afoot, entitling him to exercise a common-law right of inquiry that led to defendant's lawful arrest.

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent felony offender is unpreserved for appellate review and, in any event, is without merit (*see, People v Rosen*, 96 NY2d 329). The court properly exercised its discretion in imposing the enhanced sentence. Defendant's remaining contentions concerning this sentence are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Rubin, J. P., Saxe, Buckley, Friedman and Marlow, JJ.