■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER BOLDEN, Appellant. [818 NYS2d 35]—

Judgment, Supreme Court, New York County (Arlene Silverman, J.), rendered November 15, 2004, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

The court properly denied defendant's suppression motion. As defendant concedes, the officer conducted a proper level-one request for information because defendant and his companion were carrying heavy-looking garbage bags at 2:30 A.M. When defendant's companion evinced a consciousness of guilt by spontaneously assuming the "spread eagle" or "frisk" position even before the officer, who was exiting his unmarked car, had said anything (*see People v Wigfall*, 295 AD2d 222 [2002], *lv denied* 99 NY2d 540 [2002]), and when defendant and his companion gave illogical and implausible answers to the officer's questions, this created a founded suspicion on the officer's part that criminal activity was afoot, entitling him to exercise the common-law right of inquiry by asking to look inside the bags (*see People v De Bour*, 40 NY2d 210, 223 [1976]; *People v Ward*, 22 AD3d 368 [2005], *lv denied* 6 NY3d 782 [2006]); *People v McPherson*, 286 AD2d 616 [2001], *lv denied* 97 NY2d 685 [2001]).

The challenged portions of the prosecutor's cross-examination of defendant were generally within the bounds of permissible

advocacy, and contained nothing that was so egregious as to deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133, 136, 142 [1997], *lv denied* 91 NY2d 976 [1998]). Concur—Saxe, J.P., Marlow, Nardelli, Catterson and McGuire, JJ.