**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Kyle Lee JAMISON, Defendant–Appellant.**

**No. 07CA0675.**

Colorado Court of Appeals, Div. III.

July 23, 2009.

Rehearing Denied Oct. 22, 2009.

---

John W. Suthers, Attorney General, Katherine A. Hansen, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Elizabeth Griffin, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge DAILEY.

Defendant, Kyle Lee Jamison, appeals the judgment of conviction entered upon a jury verdict finding him guilty of theft of property valued between $500 and $15,000. We vacate the judgment and sentence for the theft conviction and remand to the trial court with directions. Defendant was also convicted of

possession of a forged instrument, but that judgment is not before us in this appeal.

K.K., the victim in this case, reported a theft from her house. A man matching defendant's description was seen driving a minivan similar to defendant's in the vicinity of K.K.'s house on the day of the reported theft.

Defendant was later arrested on an outstanding warrant. In his van, police found (1) liquor bottles; (2) a jewelry box containing, among other jewelry, a Black Hills gold necklace; (3) a pawn shop receipt showing the sale of "DVD" for $60; (4) several DVDs, CDs, and video games; and (5) a $160 check made payable to defendant and drawn on K.K.'s bank account.

At trial, K.K. testified that the following items had been stolen from her house: (1) an unspecified amount and type of liquor; (2) a diamond wedding ring; (3) "tons" of DVDs and "lots" of CDs; (4) video games; and (5) a video game system. Although these items were similar to those recovered from the van, K.K. did not specifically identify any of the recovered items as belonging to her. Nor did she or any other witness provide any evidence as to the value of the items stolen from her house or recovered from the van.

The jury convicted defendant of theft and possession of a forged instrument. Defendant pleaded guilty to a charge of possession of a weapon by a previous offender, and the court found him guilty of two habitual criminal counts. The court sentenced him to the Department of Corrections for an aggregate term of twenty-two years imprisonment.

■ On appeal, defendant contends that the evidence was insufficient to support his conviction of theft of property valued between $500 and $15,000. We agree.

■ When assessing the sufficiency of the evidence, we must determine whether any rational trier of fact might accept the evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, as sufficient to support a finding of the accused's guilt beyond a reasonable doubt. *People v. Oram*, 217 P.3d 883, 887–88 (Colo.App. 2009); *People v. Denton*, 91 P.3d 388, 390 (Colo.App. 2003).

Whether a particular theft qualifies as a felony or a misdemeanor depends upon the value of the items taken. *Cf.* § 18–4–401(2), C.R.S.2008 (version effective July 1, 2007). At the time of the offense here, to qualify as a class 4 felony, the value of the property stolen had to exceed $500 but be less than $15,000. Ch. 264, sec. 23, § 18–4–401(2)(b), 1997 Colo. Sess. Laws 1548. A theft of property valued at more than $100 but less than $500 was punishable as a class 2 misdemeanor. *Id.*

■ The prosecution must prove the value of the stolen items beyond a reasonable doubt. *People v. Schmidt*, 928 P.2d 805, 809 (Colo.App.1996).

In *People v. Moore*, —— P.3d ——, 2009 WL 261836 (Colo.App. No. 05CA1592, Feb. 5, 2009), a division of this court held that

[w]here, as here, the value of the item stolen determines the grade of the offense, the People must present competent evidence of the reasonable market value of the item at the time of the commission of the alleged offense. Market value is what a willing buyer will pay in cash to the true owner for the stolen items.

An owner is always competent to testify as to the value of his or her property. However, the testimony must relate to the value of the property at the time of the commission of the crime. Moreover, testimony on the purchase price of goods is competent evidence of fair market value only where the goods are so new, and thus, have depreciated in value so insubstantially, as to allow a reasonable inference that the purchase price is comparable to current fair market value.

*Moore*, —— P.3d at —— (citations omitted).

■ While evidence of market value is necessary to sustain a theft conviction, the face value of some items, such as cash and coins, provides sufficient evidence of the value of those items. *Id.; see also People v. Evans*, 44 Colo.App. 288, 291, 612 P.2d 1153, 1155 (1980) (value of a stolen item is measured by what the owner could expect to receive for it, its face value). Otherwise there must be some basis other than pure speculation for determination of the real value of stolen items, *Moore*, —— P.3d at ——; *People v. in Interest of A.G.*, 43 Colo.App.

514, 516, 605 P.2d 487, 489 (1979), such as evidence of their current value and condition. *Moore*, —— P.3d at ——; *compare People v. Jensen*, 172 P.3d 946, 949–50 (Colo.App.2007) (evidence sufficient when owner testified to cost of the items and investigator testified to current value of the property), *and People v. Williams*, 654 P.2d 319, 322–23 (Colo.App. 1982) (evidence sufficient where two experts testified about the fair market value of merchandise and a detective testified regarding the nature of that merchandise), *with People v. Paris*, 182 Colo. 148, 151, 511 P.2d 893, 894 (1973) (evidence insufficient where owner testified as to purchase price that was three years old).

The facts in *Moore* are instructive to the resolution of the present case. In *Moore*, the property owners testified to original (but outdated) purchase prices, old appraisals, values of comparable items in a local shopping mall, and replacement costs, but did not provide any further details, such as the condition of the missing items. A division of this court held that this evidence was insufficient to show value because it was based on "best guesses," "estimates," or what the victims "assumed" the items were worth, including items that were never recovered, and was therefore too speculative. *Moore*, —— P.3d ——.

Here, any evidence of the value of the stolen items would have been presented through K.K.'s testimony, as the People did not present any other evidence in the form of appraisals, investigators' testimony, or expert testimony. However, after reviewing K.K.'s testimony, we agree with the trial court that there was "not a single item that she was asked to value." Rather, K.K. testified only about what items were missing and where they were originally located in her house. At no point did she testify as to the purchase price, age, nature, or condition of any of the items, nor did she identify any of the actual items admitted at trial as the items stolen from her home.

Where, as in *Moore*, the evidence is insufficient to sustain the theft conviction because the owners' valuations are too speculative, it follows that where, as here, there is *no* evidence presented as to *any* value amount for most of the items, there is also insufficient evidence of the value of those items.

However, there was sufficient evidence of the value for two of the stolen items: (1) the pawn shop receipt showing the $60 sale of "DVD," *Schmidt*, 928 P.2d at 809 (market value of an item is the price at which it probably would have been sold in the regular course of business at the time and place it was stolen) (citing *Maisel v. People*, 166 Colo. 161, 165, 442 P.2d 399, 401 (1968)); and (2) the forged check for $160, *People v. Marques*, 184 Colo. 262, 268–69, 520 P.2d 113, 116–17 (1974) (face amount of forged instrument is "presumptive evidence of its value" because the value is measured by what the owner could expect to receive for the instrument). This results in a total valuation of only $220.

In concluding that the evidence of valuation was insufficient for the remaining items, we reject, for several reasons, the People's reliance on various out-of-state cases for the proposition that the jury could use their common experiences and knowledge to reasonably infer a value of stolen items in excess of $500.

First, the cases upon which the People rely are factually inapposite because in those cases, unlike here, either (1) there was such a large disparity between the statutory minimum amount required for theft and the number and value of the items stolen that it was entirely reasonable to infer sufficient value, *see Jackson v. State*, 413 So.2d 112, 114 (Fla.Dist.Ct.App.1982) (less than one-year-old, thirty-seven-foot sailboat uncontrovertibly exceeded minimum value of $100); *People v. McPherson*, 286 A.D.2d 616, 730 N.Y.S.2d 315, 316 (2001) (300 items of stolen property, including multiple high ticket items, warranted inference that the total value exceeded the $3000 statutory threshold), or (2) there was some other evidence of value in addition to the items themselves that aided the jury in reaching its conclusion, *see State v. Hermann*, 138 Wash.App. 596, 158 P.3d 96, 99 (2007) (sales receipts used to prove purchase price of jewelry).

Second, courts that apply the principle that value may be reasonably inferred from the nature of an item do so only in "*extraordinary* cases where specific proof of value is missing" *and* the minimum value is undisput-

able. *Kitt v. State*, 834 So.2d 390, 391 (Fla. Dist.Ct.App.2003) (emphasis added) (limiting *Jackson* to its facts); *see also Jackson*, 413 So.2d at 112 (principle should only be applied "in those rare instances when the minimum value is undisputable"). Here, there are no such similar "extraordinary" circumstances (such as a thirty-seven-foot yacht with a minimum $100 threshold), and the minimum value of the items defendant stole is subject to dispute.

Finally, even if the items themselves could be considered as some evidence of their value, no evidence was presented in this case as to the condition, age, and other factors which the jury could consider in determining value.[1] *See Moore*, —— P.3d at —— (insufficient evidence where owners fail to provide evidence of nature of stolen property, particularly for unrecovered items); *A.G.*, 43 Colo. App. at 517, 605 P.2d at 489 (because of age of items, neither purchase price nor replacement cost could be reasonably equated with fair market value); *Williams*, 654 P.2d at 322–23 (expert testimony assigning a value and describing the condition of stolen items as "out of their boxes and . . . similar to floor models" provided sufficient evidence of value).

Because we have determined that the prosecution's evidence established a value of only $220 in stolen property, we necessarily conclude that there was insufficient evidence to sustain a conviction of class 4 felony theft of property valued between $500 and $15,000. The judgment of conviction and sentence for class 4 felony theft must, then, be vacated.

Where a conviction for an offense is invalidated on grounds of insufficient evidence, but the evidence is sufficient to uphold a conviction on a lesser included offense, the appropriate remedy is to remand the case to the trial court with directions to enter judgment and sentence on the lesser included offense. *People v. Naranjo*, 200 Colo. 1, 4–5, 612 P.2d 1099, 1101–02 (1980).

Here, because the value of property taken is, strictly speaking, a sentence enhancer rather than an element of the crime of theft,[2] we are not technically confronted with a situation involving a greater and a lesser included offense.

Nonetheless, because, like elements of a crime, sentence enhancers must be pleaded, proved, and found beyond a reasonable doubt by a jury, *Moore*, —— P.3d at ——, we conclude that, *for this purpose*[3], the relationship between theft of property valued between $500 and $15,000 and theft of property valued in excess of $100 but less than $500 is analogous to that between a greater and a lesser included offense.

The jury here concluded that there was sufficient evidence to find defendant guilty of stealing items valued in excess of $500. Because we have determined there is insufficient evidence to sustain a finding of theft in that amount, but that there is sufficient evidence to sustain a finding of theft in a lower amount (i.e., in excess of $100), we remand for the entry of judgment and resentencing on theft as a class 2 misdemeanor.

The judgment and sentence are vacated, and the case is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

Judge ROMÁN and Judge TERRY concur.

---

1. The jury could examine only the check, the pawn receipt, and the liquor bottles. The other items recovered from the van were depicted solely in photographs admitted at trial. Those photographs are insufficient to prove value because they do not show whether the CD, DVD, or video game cases contained CDs, DVDs, video games, or whether any CDs, DVDs, or video games were functional.

We have no information at all in the record about the size of the gemstone in K.K.'s stolen wedding ring, or about the age or condition of the stolen video game system.

2. *See People v. Gilmore*, 97 P.3d 123, 134 (Colo. App.2003) (a sentence enhancer raises the level of punishment for, but is not required to secure a conviction of, the charged offense).

3. Sentence enhancers are treated as the functional equivalent of elements for Sixth Amendment right to jury trial purposes, but not for Fifth Amendment double jeopardy purposes. *People v. Hogan*, 114 P.3d 42, 57–58 (Colo.App.2004).