No. 23850.

PRESTON EUGENE YERBY *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(489 P.2d 1308)

Decided October 4, 1971.    Rehearing denied November 15, 1971.

ROBERT W. CADDES, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, JAMES F. PAMP, Assistant, DAVID A. SORENSON, Assistant, for defendant in error.

*En Banc.*

MARVIN W. FOOTE, District Judge,* delivered the opinion of the Court.

DEFENDENT was found guilty of vehicular homicide in the District Court in Jefferson County.

A young man's body was found, together with parts of the bicycle he had been riding, alongside a street in Jefferson County. Defendant drove his damaged truck by the scene the morning the victim was discovered. He was stopped, questioned by the police, advised of his rights, and arrested.

On the date of trial, the People were permitted to endorse two additional witnesses. Defendant's motion for continuance was denied.

I.

Defendant first contends that he should have

been granted a continuance when the court granted the People leave to endorse additional witnesses on the day of trial over his objections. It is conceded that granting endorsement of witnesses is discretionary with the trial court. The record reflects that the testimony of these witnesses was cumulative, and surprise could not be claimed. There was no prejudice to the rights of the defendant. *Landford v. People,* 148 Colo. 300, 365 P.2d 893 (1961).

## II.

■ Defendant further claims that the trial court should have granted his motions for mistrial based upon the People's opening statement and subsequent testimony of the People's witnesses concerning defendant's consumption of alcoholic beverages. Testimony concerning defendant's drinking was admissible as a factor for consideration by the jury in determining the issue of defendant's recklessness. *Young v. State,* 141 Fla. 529, 195 So. 569 (1939).

## III.

■ Next, defendant urges that his oral statement to the police was improperly admitted in evidence. The statement made by the defendant was prior to the accusatory stage and was made before he was taken into custody, and does not come under the prohibitions of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The totality of circumstance is entirely different than that which ocurred in *Nez v. People,* 167 Colo. 23, 445 P.2d 68 (1968), relied upon by defendant.

## IV.

■ It is asserted by defendant that the trial court erred in giving its instruction on the definition of "wilful and wanton"; that the giving of an instruction on circumstantial evidence was improper; and that the in-instruction given on extrajudicial statements or confessions was misleading, there being no confession involved in this case.

Although the "wilful and wanton" instruction may be unduly prolix, it does properly advise the jury.

■ Contrary to defendant's argument that there was insufficient evidence upon which to base an instruction on circumstantial evidence, a reading of the transcript of the testimony reveals ample evidence in the record for the case to go to the jury.

■ Whether the admissions of the defendant were in the nature of extrajudicial statements or a confession was not an issue of significance. *People v. Gardner*, 147 Cal. App. 2d 530, 305 P.2d 614.

■ As to the refusal to give instructions tendered by the defendant, the jury was adequately instructed by the court and defendant's instructions would have added nothing.

Other assignments of error made by the defendant, including the assertion that there was insufficient evidence to support a verdict of guilty and that the trial court erred in giving its instructions to the jury, have likewise been studied and are found to be without merit.

The judgment is affirmed.

CLIFFORD H. DARROW, District Judge,* participating.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE GROVES not participating.

---

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.