## No. 25597

## The People of the State of Colorado v. Carlos Sanchez
(518 P.2d 818)

Decided January 21, 1974.     Rehearing denied February 11, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

· *En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant was convicted by a jury and sentenced to life imprisonment for felony-murder (C.R.S. 1963, 40-2-3(1)) and statutory rape (C.R.S. 1963, 40-2-25(1)(b)). On appeal, the defendant claims that his conviction must be reversed and that he must be granted a new trial because of errors that occurred in the course of his trial. He also claims that the evidence which was wholly circumstantial, was insufficient to support his conviction. In our opinion, the circumstantial evidence which encircled the defendant and linked him to the crime was sufficient to present a jury question. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973). Our resolution of the issues which have been raised on appeal does not require that we detail the facts which surrounded this heinous rape-murder. Suffice it to say that the circumstantial evidence was sufficient to prove the defendant's guilt beyond a reasonable doubt. *Corbett v. People,* 153 Colo. 457, 387 P.2d 409 (1963); *Militello v. People,* 95 Colo. 519, 37 P.2d 527 (1934).

The circumstantial evidence which was offered to prove the defendant's guilt beyond a reasonable doubt consisted of expert testimony which tied physical evidence of the crime to the defendant. Hair and fibre samples taken from both the defendant and the victim's clothing, as well as

soil samples and other physical evidence, connected the defendant to the victim, the garrot used to strangle the victim, and the place where the crime was committed. The evidence also established that the defendant had the opportunity to commit the crime. Moreover, the sufficiency of the evidence was not destroyed by an alleged weakness in the prosecution's proof of the chain of evidence. The chain of evidence was complete and not subject to attack in nearly every instance, and any weakness in the chain would go merely to the weight of the evidence and not to its admissibility. *See Dechant v. People,* 140 Colo. 558, 345 P.2d 723 (1959); *United States v. Mendoza,* 473 F.2d 692 (5th Cir. 1972); *United States v. Von Roeder,* 435 F.2d 1004 (10th Cir. 1971); *United States v. Freeman,* 412 F.2d 1181 (10th Cir. 1969).

■ Some of the evidence which the defendant would have us exclude was obtained after the defendant was advised of his rights, in compliance with the mandate in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). After the police advised the defendant of his rights, he voluntarily consented to a search for, and examination of, certain clothing which he admittedly wore on the night that the crime was committed. The defendant's consent caused any subsequent attack on the validity of the search to be without merit. In *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), the defendant, as in this case, consented to the search. No question has been raised in this case as to the voluntariness of the defendant's consent to the search. Accordingly, the defendant's consent validated the subsequent search and the seizure of the defendant's clothing.

■ Finally, the defendant claims that prosecutorial misconduct which arose out of the prosecutor's rebuttal argument requires reversal. Defense counsel, in the course of his argument, had forcefully argued to the jury that the evidence which surrounded the defendant was insufficient to sustain a conviction and was subject to interpretations which were consistent with innocence. The prosecutor responded in a

rebuttal argument by saying that the evidence was uncontradicted and had not been refuted. The prosecution's comments, in our view, do not require reversal. *People v. Bennett, supra; Meader v. People,* 178 Colo. 383, 497 P.2d 1010 (1972).

■ The remaining issues which the defendant has raised require no discussion. Suffice it to say that the defendant was represented by able counsel who raised every issue that could possibly be looked to as a defense in this case. We have in the past said that a defendant is entitled to a fair trial, but not a perfect trial. *People v. Scheidt,* 182 Colo. 374, 513 P.2d 446 (1973); *People v. Barker,* 180 Colo. 28, 501 P.2d 1041 (1972). In this case, error may have occurred, but in our view, it was not reversible, and we, therefore, affirm.