## No. 26450

### The People of the State of Colorado v. Ronald C. Zaring

(547 P.2d 232)

Decided March 15, 1976.

John P. Moore, Attorney General, John E. Bush, Deputy, James W. Wilson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant, Ronald C. Zaring, was convicted of theft. C.R.S. 1963, 40-4-401.[1] On appeal, he asserts that the trial court erred in not granting his motion for a judgment of acquittal and that the evidence was insufficient to support a finding of guilt. We do not find reversible error and, therefore, affirm

The prosecution's evidence established a prima facie case of theft. The issue which the jury was required to determine was basically whether the defendant harbored the requisite intent.

Defendant was arrested by the deputy sheriff on the Owl Creek Pass Road shortly after a ranch hand reported to the deputy that he had heard a car horn and three gunshots from the direction of the pass. The defendant and his wife were in the defendant's truck. The sheriff found a recently killed, half-gutted black calf with a white head chained to the tailgate of the defendant's El Camino truck. The calf, which weighed nearly 400 pounds, evidenced retained body heat and "coagulating blood," and when the rib cage was folded over, steam came out. The defendant admit-

---

[1] Now section 18-4-401, C.R.S. 1973.

ted that he had shot the calf and had partially gutted and dressed it. He said that he had tied the calf to the back of his truck so that he could return it to the owner.

The defendant claimed he saw the calf and thought that it had been struck by a car or attacked by a coyote, and that he shot it to put it out of its misery. He said that he was trying to drag the calf to the nearest ranch house to find the owner at the time of his arrest. The jury has the duty and responsibility for appraising the credibility of the witnesses and weighing the evidence. *Dodge v. People*, 168 Colo. 531, 452 P.2d 759 (1969); *see generally, Wilson v. People*, 143 Colo. 544, 354 P.2d 588 (1960). The jury resolved the factual issue, and the jury's verdict is buttressed by strong, interlocking, circumstantial evidence of guilt.

At the time of his arrest, both a shotgun and a pistol were taken from the defendant's truck, and both had been recently fired. A .22 caliber cartridge case and some empty shotgun shells were found on the ground near the truck. The prosecution presented evidence establishing the ownership of the calf and the fact that no consent or authorization was given for the slaughter or sale of the calf. The defendant admitted that he was opening a restaurant in five days and had facilities to handle meat.

The prosecution's case established that the defendant committed the crime of theft by shooting, slaughtering, and carrying away a 400-pound calf owned by Dean F. Johnson and Ann M. Johnson. In determining whether a motion for a judgment of acquittal should be granted, the court must determine whether the defendant's guilt of the crime charged has been established by proof beyond a reasonable doubt. *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973); *see also Corbett v. People*, 153 Colo. 457, 387 P.2d 409 (1963). The substantial evidence test which we laid down in *People v. Bennett, supra*, provides that relevant evidence, both direct and circumstantial, may be sufficient to sustain a conviction. Such evidence, when viewed as a whole and in the light most favorable to the prosecution, must be substantial and sufficient to support the conclusion by a reasonable mind that the defendant is guilty of the crime charged beyond a reasonable doubt. On this basis, we have held that circumstantial evidence alone may be sufficient to sustain a conviction. *People v. Sanchez*, 184 Colo. 25, 518 P.2d 818 (1974); *see also Corbett v. People, supra; Militello v. People*, 95 Colo. 519, 37 P.2d 527 (1934).

Accordingly, we affirm.