## No. 26422

### The People of the State of Colorado v. George Thornton, Jr.

(547 P.2d 1278)

Decided March 22, 1976. Opinion modified and as modified rehearing denied April 19, 1976.

John P. Moore, Attorney General, John E. Bush, Deputy, James S. Russell, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Dorian E. Welch, Deputy, Carol L. Gerstl, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This appeal follows the defendant's conviction of second-degree burglary, 1971 Perm. Supp., C.R.S. 1963, 40-4-203,[1] and theft, 1971 Perm. Supp., C.R.S. 1963, 40-4-401.[2] The issues on appeal relate to: (1) the admissibility of a statement made by the defendant prior to his arrest; (2) the value and ownership of the items taken in the burglary and theft; and (3) the sufficiency of the evidence to support the defendant's convictions. We affirm.

The prosecution's evidence established that in the late evening hours of October 29, 1973, an unidentified woman went to a fire station and reported that a burglary was being committed at a nearby construction site. The ground at the construction site had become wet and muddy because of falling snow. When the fireman received the report of the incident, a 1967, red, two-door Chevrolet passed the fire station, and the fireman identified the vehicle as the one used in the commission of the burglary.

The fireman reported the incident and a description of the vehicle to the police who then sent out a radio dispatch. An automobile matching the description of the vehicle involved in the burglary was stopped for a traffic violation by an Aurora police officer. The automobile was occupied by the defendant and his companion, Michael Cliff. Identification was requested, and the driver, Michael Cliff, who was seventeen years of age, did not have a driver's license. Using his flashlight, the officer then noticed that acetylene tanks and other welding equipment were caked with wet mud and were piled in the back seat.

When Cliff and the defendant got out of the car, the officer observed mud on their boots and shoes. After another officer arrived at the scene, the defendants were asked about the welding equipment in the automobile. The defendant answered that the equipment was his and had been in the vehicle all day long. The officers then arrested both the defendant and Michael Cliff.

## I.
### The Arrest

The defendant contends that the statements he made to the officers at the time of his arrest should be suppressed because he had not been advised of his *Miranda* rights before they were made.

The vehicle was stopped by the police officer for failing to turn right in a right turn only lane. Although the police officer at this time was aware of the fact that a 1967, red, two-door Chevrolet had been involved

---

[1] Now section 18-4-203, C.R.S. 1973.
[2] Now section 18-4-401, C.R.S. 1973.

in the reported burglary and exigent circumstances did exist, probable cause to arrest did not come into being until after the stop was made. *See People v. Moreno*, 176 Colo. 488, 491 P.2d 575 (1971). The vehicle was stopped three minutes after the broadcast was made, and the officer testified that he did not intend to make an arrest for the burglary at the time he stopped the vehicle. The police did, however, possess sufficient information to raise a reasonable suspicion that the occupants of this vehicle may have been involved in the reported burglary. *See Stone v. People*, 174 Colo. 504, 485 P.2d 495 (1971); *see also Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *People v. Lucero*, 182 Colo. 39, 511 P.2d 468 (1973).

■ When the police saw the acetylene tanks and other welding equipment in the back seat of the car, further inquiry was in order. The responses of the defendant were made during the investigatory, not the accusatory, stage of this criminal proceeding, and the *Miranda* warnings were, therefore, not necessary. *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *People v. Spinuzzi*, 184 Colo. 412, 520 P.2d 1043 (1974); *People v. Garrison*, 176 Colo 516, 491 P.2d 971 (1971); *Yerby v. People*, 176 Colo. 115, 489 P.2d 1308 (1971).

■ The evasive replies of the defendant to the officer's inquiries, coupled with the circumstantial evidence, raised the level of the officer's suspicions to probable cause. The defendant's responses, together with the circumstances which tied the defendant and Cliff to the information which the police already possessed, provided probable cause to arrest the defendant and his companion. The officer was entitled to rely upon the information received on the police radio dispatch and upon his own observations. *People v. Hubbard*, 184 Colo. 225, 519 P.2d 951 (1974); *People v. Lucero supra; People v. Nanes*, 174 Colo. 294, 483 P.2d 958 (1971); *accord People v. Moreno*, 176 Colo. 488, 491 P.2d 575 (1971). The dispatch had noted that "air tanks" were taken in the burglary. The police had probable cause to arrest following the temporary detention of the defendant and his companion. *United States v. Watson*, 44 U.S.L.W. 4112 (U.S. January 26, 1976); *People v. Tangas,* 190 Colo. 262, 545 P.2d 1047; *accord People v. Moreno, supra*. The arrest was lawful, and the trial court did not err in denying the defendant's motion to suppress his statements.

## II.
### Value of the Welding Equipment

■ A construction superintendent who was employed by the construction company testified as to the value of the equipment taken in the burglary and theft. The superintendent had been in the construction business for twenty-five years and checked the equipment in his control every week. Part of this equipment belonged to the construction company and part of the equipment was rented. The testimony was subject to searching

cross-examination, and weaknesses were exposed in the foundation of the construction superintendent's opinion on the value of the equipment. Although he testified at an earlier proceeding that the equipment was worth $125, at the trial, he testified that it was worth $226. He testified that his appraisal was probably on the conservative side. The jury has the responsibility of weighing the evidence and determining the credibility of the witnesses and is entitled to draw all reasonable inferences of guilt from the evidence before it. *Husar v. People*, 178 Colo. 300, 496 P.2d 1035 (1972); *Meader v. People*, 178 Colo. 383, 497 P.2d 1010 (1972); *Palmer v. People*, 162 Colo. 92, 424 P.2d 766 (1967). Viewing this evidence in the light most favorable to the prosecution, the value of the stolen equipment was in excess of $100, which is the criteria utilized in the felony-theft statute. 1971 Perm. Supp., C.R.S. 1963, 40-4-401.[3]

## III.
### Sufficiency of the Evidence

The relevant evidence in this case, both direct and circumstantial, when viewed in the light most favorable to the prosecution, substantially supports the conclusion of a reasonable mind that the defendant committed the crime herein charged beyond a reasonable doubt. *Bennett v. People*, 155 Colo. 101, 392 P.2d 657 (1964); *People v. Sanchez*, 184 Colo. 25, 518 P.2d 818 (1974); *see also Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Cliff, after being granted immunity, testified that the defendant broke into the construction trailer and took the welding equipment. Cart tracks in the mud at the construction site matched the wheels of a welding equipment cart found in the defendant's vehicle. The defendant claimed that he was not present at the time of the burglary, but that Cliff had picked him up and the welding equipment was already in the car. Nevertheless, the defendant's feet were covered with mud at the time of his arrest, three minutes after the radio dispatch was given reporting the burglary. The defendant was in possession of recently stolen welding equipment, and he admitted that he was an iron-worker. The evidence was sufficient to establish a prima facie case, and the issue of the credibility of the witnesses was for the jury. The jury resolved the issues against the defendant.

The remaining issues raised by the defendant do not merit discussion.

Accordingly, we affirm.

---

[3] Now section 18-4-401, C.R.S. 1973.