2014 COA 81

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

**v.**

**Darrell Demark PAYNE, Defendant–Appellant.**

**Court of Appeals No. 10CA0173**

Colorado Court of Appeals, Div. VI.

Announced July 3, 2014

Rehearing Denied August 14, 2014

had observed part of the burglary, reported that she had noticed a car parked near V.V.'s house. Several of the car doors were open, and a man was putting something into the back seat of the car. According to the neighbor, the man was acting "kind of nervous." The neighbor noted the car's license plate number and called the police to report a suspected burglary. V.V. later informed officers that his home had been burglarized, "everything was out of place," and his television and other personal items were missing.

¶ 3 Four days after the burglary, police officers pulled over defendant and noticed that the vehicle he was driving matched the description that the neighbor had given to the police. Officers later included defendant's photograph in a photo lineup that was presented to the neighbor. She identified two photographs—one of defendant and one of a different person—as potentially resembling the burglar. Officers then arrested defendant at his home, which was several blocks from the location of the burglary.

¶ 4 The People charged defendant with second degree burglary (a class 3 felony), theft (a class 4 felony), and five habitual criminal counts. A jury found him guilty of the burglary and theft charges. The trial court subsequently adjudicated him a habitual criminal and sentenced him to forty-eight years in the custody of the Department of Corrections.

John W. Suthers, Attorney General, Katherine A. Hansen, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Douglas K. Wilson, Colorado State Public Defender, Shann Jeffery, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

Opinion by JUDGE BOORAS

¶ 1 Defendant, Darrell Demark Payne, appeals the judgment of conviction entered on jury verdicts finding him guilty of burglary and theft. He also appeals his adjudication as a habitual offender and the resulting sentence. We reverse his convictions, vacate his sentence, and remand for a new trial.

## I. Background

¶ 2 V.V.'s home was burglarized while he and his family were away. A neighbor, who

## II. Defendant's Right to Be Present

¶ 5 Defendant contends that his right to be present at his trial was violated when the trial court delivered a modified *Allen* instruction to the jury in his absence during jury deliberations.[1] We agree.

### A. Law and Standard of Review

¶ 6 "Article II, section 16, of the Colorado Constitution, and the Due Process Clause, as well as the Sixth Amendment to the United

1. A "modified *Allen* instruction" is an instruction that a trial court may give to a jury regarding a possible deadlock. It should inform the jurors that (1) they should attempt to reach a unanimous verdict; (2) each juror should decide the case for himself or herself after impartial consideration with the others; (3) they should not hesitate to re-examine their views and change their opinions if convinced they are incorrect; and (4) they should not surrender their honest convictions solely because of the opinions of other jurors or for the purpose of returning a verdict. *People v. Grace*, 55 P.3d 165, 170 (Colo.App. 2001).

States Constitution, guarantee the right of a criminal defendant to be present at all critical stages of the prosecution." *People v. White,* 870 P.2d 424, 458 (Colo.1994); *see Larson v. Tansy,* 911 F.2d 392, 395–96 (10th Cir.1990).

¶ 7 Because defendant preserved this claim, and because any error in the denial of his right to be present at trial would be of constitutional dimension, we review for constitutional harmless error. *People v. Ragusa,* 220 P.3d 1002, 1009 (Colo.App.2009). If a review of the entire record demonstrates a reasonable possibility that defendant could have been prejudiced by the error, the error cannot be harmless. *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *see People v. Orozco,* 210 P.3d 472, 476 (Colo.App.2009). Under this standard, the prosecution has the burden of demonstrating, beyond a reasonable doubt, that the error in proceeding in defendant's absence did not contribute to his conviction. *Chapman,* 386 U.S. at 23–24, 87 S.Ct. 824; *see Key v. People,* 865 P.2d 822, 827 (Colo.1994).

### B. Facts

¶ 8 The jury informed the court that it was unable to reach a unanimous decision after approximately two hours of deliberating. The court excused the jurors for the evening and instructed them to return the following morning. At approximately 11:30 a.m. the next morning, the jury advised the court that it was still unable to come to a unanimous decision. The court decided to provide a modified *Allen* instruction. Before the court read the instruction to the jury, defense counsel indicated that defendant, who was in custody, should be present and requested

that he be brought in, noting, "the stakes are fairly high here." The court responded, "All that will end up doing is delay that for about a half hour and that's a half hour that they could be deliberating." Defense counsel asserted:

> I think it's strange for the jur[ors] to see me sitting here without him here, and that's going to cause them to speculate where he is. They'll think that he took off, as they already think he's in custody because he keeps getting paraded in the hallway. I think he should be here. This is his trial.

¶ 9 The court offered to tell the jury that it "[had] waived [defendant's] appearance for the reading of [the] instruction so that no blame falls on him." Defense counsel declined the court's offer, stating, "that makes it sound like he didn't want to be here, and I'm sure that he would want to be here.... I just don't want them to speculate about why he's not here, especially when they're going back to deliberate." The court then read the modified *Allen* instruction to the jury in defendant's absence.[2]

¶ 10 After the instruction was provided, defense counsel supplemented the record on her previous objection regarding defendant's absence. Defense counsel cited *United States v. Fontanez,* 878 F.2d 33, 34–38 (2d Cir.1989), for the proposition that the reading of a modified *Allen* instruction is a critical stage of the proceedings, and that defendant had a right to be present when the jury received the instruction. The trial judge reviewed the supplemental authority and agreed that the court had committed error under federal law by failing to recognize that reading the modified *Allen* instruction to the

---

**2.** The Court provided the following instruction: Since it appears to the Court that your deliberations have been somewhat lengthy without a verdict being reached, the Court wishes to suggest a few thoughts which you should consider in your deliberations along with the evidence in this case and all of the instructions previously given. It is your duty as jurors to consult with one another and to deliberate with a view to reaching a verdict, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.

In the course of your deliberations do not hesitate to re-examine your own views and to change your opinion if convinced it is erroneous, but do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict. You are not partisans, you are judges, judges of the facts. Your sole interest is to ascertain the truth from the evidence in this case.

jury in the courtroom qualified as a "critical stage." The judge opined that it may also have been an error under state law, but elected not to initiate further contact with the jury. The jury returned a verdict after approximately two hours of further deliberation.

### C. Discussion

 ¶ 11 The Due Process Clause of the Fourteenth Amendment guarantees defendants the right to be present in criminal proceedings whenever their presence has a reasonably substantial relation to the fullness of their opportunity to defend against the charges. *People v. James,* 937 P.2d 781, 783 (Colo.App.1996) (citing *Kentucky v. Stincer,* 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987)). However, a defendant's right to be present during trial is not absolute; "due process 'does not require the defendant's presence when his presence would be useless, or the benefit nebulous.'" *White,* 870 P.2d at 458 (quoting in part *Larson,* 911 F.2d at 394).

¶ 12 In *Leonardo v. People,* 728 P.2d 1252 (Colo.1986), the Colorado Supreme Court recognized that neither it nor the United States Supreme Court had conclusively decided whether a defendant has a constitutional right to be present when the judge communicates with the jury after deliberations have begun. *Id.* at 1257 n. 5. However, several federal cases have determined that a defendant has a right to be present when a jury is given instructions in open court, regardless of whether the defendant can provide any assistance to his or her counsel. *See Larson,* 911 F.2d at 395–96; *Fontanez,* 878 F.2d at 38; *Wade v. United States,* 441 F.2d 1046, 1050 (D.C.Cir.1971). These cases recognize that a defendant's presence during in-court communications with the jury can have a psychological impact on the jury that may benefit the defendant. *Larson,* 911 F.2d at 396; *Fontanez,* 878 F.2d at 38; *Wade,* 441 F.2d at 1050.

¶ 13 Citing *Fontanez* and *Wade,* defendant urges that the trial court denied his constitutional right to be present during the in-court reading of the modified *Allen* instruction to the jury because he had a right to the "psychological function of his presence on the jury."

¶ 14 The People urge that loss of the ability to psychologically influence a jury does not support a violation of due process. First, they note that a criminal defendant's right to be present at trial is rooted to a large extent in the Confrontation Clause of the Sixth Amendment, and thus pertains primarily to proceedings in which the defendant is confronting witnesses or evidence. *See United States v. Gagnon,* 470 U.S. 522, 526, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985) ("The constitutional right to presence is rooted to a large extent in the Confrontation Clause of the Sixth Amendment, *e.g., Illinois v. Allen,* 397 U.S. 337 [90 S.Ct. 1057, 25 L.Ed.2d 353] (1970), but we have recognized that this right is protected by the Due Process Clause in some situations where the defendant is not actually confronting witnesses or evidence against him.").

¶ 15 Because the reading of the modified *Allen* instruction does not involve confrontation of witnesses or evidence, the People contend that defendant's presence or psychological influence would not be of sufficient benefit to satisfy the due process standard. The People argue that defendant had no due process right to be present during the legal discussion about giving the modified *Allen* instruction, and that, therefore, his presence during the reading of the instruction to the jury also was not necessary. *See id.; Esnault v. People,* 980 F.2d 1335, 1337 (10th Cir.1992); *People v. Isom,* 140 P.3d 100, 104 (Colo.App.2005).

¶ 16 We are not persuaded by the People's assertions. The cases cited by the People in support of their due process argument are inapposite because they do not address a defendant's right to be present during an in-court communication between the judge and the jury. *See Gagnon,* 470 U.S. at 523–24, 105 S.Ct. 1482 (the defendants were excluded from in-camera discussions between the court, a juror, and counsel for one of the defendants); *Esnault,* 980 F.2d at 1337 (the defendant was absent when the judge and defense counsel conferred out of the jury's presence and when the judge delivered a response to the jury, but no evidence sug-

gested that the jury was reconvened in open court or otherwise responded to in person); *Isom*, 140 P.3d at 104 (the defendant's absence occurred while the court was deciding whether to allow the jury to review a videotape); *see also Stincer*, 482 U.S. at 732–33, 107 S.Ct. 2658 (no violation of the right to presence when the defendant was excluded from an in-chambers hearing to determine if two child witnesses were competent to testify). While we agree that a defendant has no right to be present during certain legal discussions that occur outside the presence of the jury, the defendant's presence during some open-court proceedings contributes to the fairness of the procedure.

¶ 17 As the United States Supreme Court explained in *Stincer* :

> The Court has assumed that, even in situations where the defendant is not actually confronting witnesses or evidence against him, he has a due process right to be present in his own person whenever his presence has a relation, reasonably substantial, to the ful[l]ness of his opportunity to defend against the charge. Although the Court has emphasized that this privilege of presence is not guaranteed when presence would be useless, or the benefit but a shadow, due process clearly requires that a defendant be allowed to be present to the extent that a fair and just hearing would be thwarted by his absence. Thus, a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure.

482 U.S. at 745, 107 S.Ct. 2658 (internal quotation marks and citations omitted); *see also Snyder v. Massachusetts*, 291 U.S. 97, 132, 54 S.Ct. 330, 78 L.Ed. 674 (1934) (Roberts, J., dissenting) (noting the privilege of presence goes deeper than the mere opportunity to cross-examine adverse witnesses, and stating "the right is fundamental and assures him who stands in jeopardy that he may in person, see, hear, and know all that is placed before the tribunal having power by its finding to deprive him of liberty or life"), *overruled on other grounds by Malloy v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964).

¶ 18 We agree with the federal authority cited herein, and conclude that a defendant has a right to be present when a modified *Allen* instruction is read to the jury because of the psychological influence his absence or presence may have on the jury. Here, defendant's presence when the court read the modified *Allen* instruction in open court could have had a psychological effect on the jurors in a way that benefitted his defense. Moreover, the jury might have speculated on why defendant was absent, or may have interpreted his absence as indicative of a lack of interest in the outcome of his case.

¶ 19 We reject the People's assertion that "a ministerial act of reading an instruction or response to a jury communication during deliberations should not be considered ... a 'critical stage.' " Where, as here, the court elects to read a modified *Allen* instruction to a deadlocked jury in open court, a defendant has a right to be present. *See Key*, 865 P.2d at 825 (jury deliberations are a critical stage of trial for the purpose of analyzing a deprivation of the right to counsel); *Ragusa*, 220 P.3d at 1009 (concluding that a defendant's right to be present during an in-camera discussion between the court and her attorneys is analogous to a defendant's right to counsel analyzed in *Key* ); *see also Shields v. United States*, 273 U.S. 583, 588–89, 47 S.Ct. 478, 71 L.Ed. 787 (1927) (noting that a defendant in a criminal case has a right to be present from the time the jury is impaneled until its discharge after rendering the verdict).[3]

¶ 20 In sum, we conclude defendant had a constitutional right to be present while the trial court read the modified *Allen* instruction in open court, and that his constitutional right was denied.

¶ 21 The People contend that the court's offer to inform the jury that it "had waived" defendant's presence would have rendered

---

**3.** We also reject defendant's assertion that this holding prevents courts from providing instructions or responses to jury questions in written form. Our conclusion that a defendant has a right to be present when an instruction is read to the jury in open court does not apply to a court's decision to communicate with a jury in writing.

any error harmless. Although the trial court offered to provide a vague explanation of defendant's absence, it made no offer to instruct the jury to disregard defendant's absence.[4] Accordingly, the offered instruction would have been insufficient to cure the error in proceeding in defendant's absence. Thus, we conclude that the People have failed to carry their burden of proving beyond a reasonable doubt that there was no reasonable possibility that defendant was prejudiced by his absence when the court read the instruction. *See Fontanez,* 878 F.2d at 38 (concluding that the government failed to demonstrate that the defendant's absence produced no reasonable possibility of prejudice). Accordingly, defendant's convictions must be reversed.

### III. Sufficiency of the Evidence

¶ 22 Defendant next contends that the evidence was insufficient to support his conviction of theft of property valued between $1000 and $20,000. We agree.

¶ 23 When assessing the sufficiency of the evidence, we " 'must determine whether any rational trier of fact might accept the evidence, taken as a whole and in the light most favorable to the prosecution, as sufficient to support a finding of guilt beyond a reasonable doubt.' " *People v. Zadra,* 2013 COA 140, ¶ 37, —— P.3d —— (quoting *People v. McIntier,* 134 P.3d 467, 471 (Colo.App. 2005)).

¶ 24 At the time defendant was charged, theft was a class 4 felony if the value of the items stolen was between $1000 and $20,000. *See* ch. 384, sec. 3, § 18–4–401(2)(c), 2007 Colo. Sess. Laws 1690–91. A theft of property valued at more than $500 but less than $1000 was punishable as a class 1 misdemeanor. *Id.* at § 18–4–401(2)(b.5). The People had the burden of presenting competent evidence of the reasonable market value of the goods in question at the time of the commission of the alleged offense. *People v. Paris,* 182 Colo. 148, 151, 511 P.2d 893, 894 (1973); *People v. Moore,* 226 P.3d 1076, 1084 (Colo.App.2009).

¶ 25 The evidence presented at trial on the issue of value consisted exclusively of V.V.'s testimony. V.V. testified that the items stolen included a forty-two-inch television, a digital camera, a video camera, and a lock box containing "some cash but not a lot of it." The prosecutor asked, "How much was the television worth?" V.V. replied, "It cost me [$]1400." V.V. also testified that the digital camera was "worth" $180 and that the video camera was "worth" $600.

¶ 26 Although an owner is competent to testify as to the value of his or her property, such testimony must relate to the property's value at the time of the commission of the crime. *Paris,* 182 Colo. at 151, 511 P.2d at 894. Viewed in the light most favorable to the prosecution, V.V.'s testimony that the digital camera and video camera were "worth" a total of $780 was sufficient evidence of value for those items. *See People v. Thornton,* 190 Colo. 397, 401, 547 P.2d 1278, 1281 (1976); *People v. Evans,* 44 Colo.App. 288, 291, 612 P.2d 1153, 1155–56 (1980). However, V.V.'s testimony that the television "cost" $1400 could not support an inference that the purchase price of the television was comparable to its fair market value at the time the offense was committed. There was no testimony regarding the age or condition of the television, and thus the jury would have had to base its determination of the value of the television at the time the offense was committed on pure speculation. *See Moore,* 226 P.3d at 1084 ("[T]estimony on the purchase price of goods is competent evidence of fair market value only where the goods are so new, and thus, have depreciated in value so insubstantially, as to allow a reasonable inference that the purchase price is comparable to current fair market value.").

¶ 27 Accordingly, the evidence was insufficient to sustain a conviction of class 4 felony theft of property valued between $1000 and $20,000. However, we conclude that there was sufficient evidence to sustain a finding of theft in excess of $500.

¶ 28 Relying on *People v. Jamison,* 220 P.3d 992 (Colo.App.2009), the People request that this court remand for entry of a convic-

---

4. We express no opinion as to whether a specific instruction to disregard defendant's absence

would have rendered the error harmless.

tion for theft as a class 1 misdemeanor. *See id.* at 995 (where the value of the item stolen determines the grade of the offense, the relationship between a felony theft and a misdemeanor theft is analogous to the relationship between a greater and lesser included offense). However, because the error as to defendant's absence during the reading of the modified *Allen* instruction could have infected the verdict on both burglary and theft, we decline to remand for entry of a theft conviction, and instead remand for retrial as to burglary and the lesser misdemeanor theft.

## IV. Remaining Claims

¶ 29 Defendant asserts that the trial court erred by refusing his tendered jury instruction defining "value" as "fair market value at the time of the offense." In light of our conclusion that the evidence is insufficient to support the reasonable market value of the television at the time of the commission of the alleged offense, but is sufficient as to the remaining items, we decline to address whether the tendered definition would be proper or necessary on retrial.

¶ 30 Defendant also contends that the trial court erred in admitting other act evidence at trial, and in denying his motion to suppress the convictions underlying the habitual criminal charges. Because we do not know what the evidence will be on retrial, we do not address these evidentiary contentions.

¶ 31 Finally, because defendant's sentence is vacated and the case is remanded for a new trial, we need not reach defendant's contention that his sentence under the habitual criminal statute was unconstitutionally disproportionate.

## V. Conclusion

¶ 32 Defendant's burglary and theft convictions are reversed, his sentence is vacated, and the case is remanded for a new trial consistent with this opinion.

JUDGE ROMÁN and JUDGE RICHMAN concur.